[No. 11595.   Department One.   December 22, 1914.]

## JOE MANDEL, *Appellant*, v. WASHINGTON WATER POWER COMPANY, *Respondent*.[1]

CARRIERS—INJURIES TO PASSENGERS—PROXIMATE CAUSE—EVIDENCE —SUFFICIENCY. There is no evidence to sustain a verdict for personal injuries sustained by a passenger in a street car, where two men each with his elbow upon the window sill of the car in which he was riding, had their arms broken while the cars were passing each other on a double track line, and the windows were guarded by iron bars, and when the cars were backed up, it was found that there was a clearance between them of thirteen inches, and undisputed physical facts showed that there could have been no collision of the cars; since oral evidence must give way to physical facts, and the passengers could only have met with such an accident by permitting their arms to extend through the bars and come in contact.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 17, 1912, dismissing

[1]Reported in 144 Pac. 921.

an action for injuries sustained by a passenger on a street car, upon withdrawing the case from the jury. Affirmed.

*Ernest E. Sargeant,* for appellant.

*Post, Avery & Higgins,* for respondent.

CROW, C. J.—Action by Joe Mandel against the Washington Water Power Company, a corporation, to recover damages for personal injuries. From a judgment in defendant's favor, the plaintiff has appealed.

Appellant contends that the trial court erred in sustaining a challenge to the evidence, in withdrawing the case from the jury, in rendering judgment for the respondent, and in refusing a new trial.

The undisputed evidence shows that respondent owns and operates an electric street car system, in the city of Spokane; that one of its lines extends to the town of Hillyard; that, on the day of the accident, appellant, as a passenger, boarded one of respondent's cars at Howard street and Riverside avenue, in the city of Spokane, for the purpose of going to Hillyard; that he took a seat next to an open window on the left hand side of the car; that, in the course of the trip, and while traveling on Illinois avenue, where respondent maintains a double track, appellant was injured, just as an inbound car traveling in an opposite direction on the adjoining track passed the car upon which appellant was a passenger; that his injuries consisted of the breaking of certain bones in his left hand and wrist, accompanied by severe cuts which caused excessive bleeding; that the side of the car upon which appellant sat was towards the opposite track on which the inbound car was passing; that, at the time appellant was injured, one Johnson, a passenger on the inbound car, who sat near an open window toward appellant's car, was also injured by having his left arm broken; and that appellant and Johnson were injured just as the cars were passing each other. The evidence further shows that iron bars had been installed on

each car outside of and across its windows for the protection of passengers.

Appellant, in substance, contends that the tracks were not in good repair; that they were too close together; that the cars swayed to a considerable extent in passing; that respondent's servants operated the cars so negligently that they collided; and that by reason of such negligence and collision, appellant was injured. Respondent denies that any collision occurred, or that there was any competent evidence of a collision. Its theory is that appellant's hand and arm extended out of the open window beyond the iron bars; that Johnson's hand and arm were in a similar position on the other car, and that, as the cars passed, the arms of the two men came into violent contact causing their respective injuries. There was no evidence of a collision of the cars other than the statements of a few witnesses who were passengers, and who testified to a jolt or crash which caused them to believe a collision occurred. Neither car was injured or damaged in any way, except that glass in a window of the inbound car immediately back of where Mr. Johnson sat was broken. Each car continued its journey until stopped upon signal. After stopping, each car was backed to the point of passing, where it was observed that thirteen inches of space intervened between the iron window bars of one car, and those of the other. Neither car was damaged in any way, except by the breaking of one pane of glass, as above stated. No marks or indications of injury or collision appeared upon either car, and each car continued its respective journey.

Appellant testified that he did not permit his arm or hand to project beyond the bars of the open window. Johnson was not produced as a witness, but passengers on the inbound car testified that his arm was resting on the sill of an open window. Notwithstanding the testimony of those witnesses who expressed a belief that a collision had occurred, undisputed physical facts are convincing to the effect that no collision did occur, showing that they were mistaken. This

being true, it is impossible to understand how the two men could have been injured at the same moment, as they were, unless the arm and hand of each extended through or over the iron bars to such an extent as to cause them to come in violent contact as respondent contends. The evidence shows that the usual and proper distance was maintained between the cars, affording a clearance of at least thirteen inches between the iron window bars of the respective cars. If appellant and Mr. Johnson each permitted his left hand or arm to extend a distance of only seven inches beyond the bars, that distance would have been sufficient to permit them to come in contact and cause the injuries. Had a collision of the cars actually occurred, and had appellant been injured thereby, negligence on the part of respondent would have been presumed, and the doctrine of *res ipsa loquitur* would have applied, making it the duty of respondent to show the cause of the collision, and that respondent was free from negligence, but it is impossible to read the entire record and conclude or find that a collision actually occurred. Undisputed physical facts are conclusive to the contrary. It follows, therefore, that the question of whether a collision actually occurred was not an issue for the jury, as contended by appellant. The record discloses no evidence showing, or tending to show, any negligence upon respondent's part which contributed to, or caused, appellant's injury. Physical facts, which are undisputed and speak the truth with unerring certainty, must control in this case. In *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51, this court said: "Oral statements, although undisputed, must yield to undisputed physical facts and conditions with which they are irreconcilable."

The trial judge committed no error in sustaining respondent's challenge to the sufficiency of the evidence.

The judgment is affirmed.

Main, Gose, Ellis, and Chadwick, JJ., concur.