[No. 13533. Department One. May 9, 1917.]

PERIKLES SKARLATOS, *Respondent*, v. HENRY BRICE,

*Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—TRIAL. It is not prejudicial error to grant a jury trial without a formal demand prior to calling the case for trial, where appellant was offered a continuance and declined to take the same.

APPEAL—REVIEW—HARMLESS ERROR—AMENDMENTS. Error cannot be predicated upon the allowance of a trial amendment to supply defects in the complaint, where there was no claim of surprise and the appellant declined to take a continuance.

APPEAL—REVIEW—VERDICTS. A verdict upon conflicting evidence will not be disturbed on appeal, when sustained by evidence or justifiable inferences from the evidence upon which reasonable minds might differ.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. Where the evidence is conflicting the denial of a motion for a new trial for insufficiency of the evidence will not be disturbed except for abuse of discretion.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE —DILIGENCE. A new trial should not granted for newly discovered evidence which was largely cumulative, and which was a matter of common knowledge, and might have been produced at the trial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 8, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*John W. Whitham*, for appellant.

*C. Liliopoulos* and *Walter B. Allen*, for respondent.

ELLIS, C. J.—Plaintiff brought this action as assignee of some thirty Greek laborers. Defendant had a contract with King county to build a certain road. The second amended complaint, upon which the cause was tried, contained two causes of action. In the first count, it is alleged that, on April 9, 1915, defendant entered into a written contract

[1]Reported in 164 Pac. 939.

with plaintiff's assignors in which they agreed to grub and grade parts of the roadway between stations 375 and 437, according to profiles, maps, plans and specifications on file in the office of the county engineer, at the following rates per cubic yard: for common dirt, eighteen cents; for loose rock, twenty-eight cents; for solid rock, sixty cents; for overhaul, three-quarter cents; that defendant then assured the other parties to the contract that the place of work was properly marked and cleared ready for grubbing and grading, by reason whereof the laborers went forthwith to the designated place to commence work; that the place was neither marked nor cleared, and that the laborers were obliged to remain idle for a period of fourteen days because thereof, to the damage of each in the sum of $2.50 per day for loss of time, making a total of $1,050.

In the second count, it is alleged that, about April 22, 1915, the same parties entered into a second written agreement whereby it was agreed that, in consideration of $2 each per day, the laborers would undertake to clear that part of the roadway between stations 410 and 437; that, in accordance with that agreement, they worked 347 days, and that defendant has refused to pay them the agreed compensation of $748 for such time.

During the course of the trial, the following amendment was allowed by the court:

"That without any fault on the part of any of the parties named in paragraph 2 on page 1 of this second amended complaint, but solely by reason and on account of an injunction issued out of the superior court of King county, in cause No. 108438 records of said court wherein the Puget Sound Traction, Light & Power Company is plaintiff and Henry Brice, et al. are defendants, these parties were enjoined, restrained and prevented from continuing said work."

Defendant demurred generally to both causes of action. The demurrer was overruled. Defendant then answered, admitting the making of the written contracts, but traversing

practically all of the other allegations of the complaint, and as matter of affirmative defense, alleged that the laborers did not attempt to execute their contract in a workmanlike manner; that defendant furnished groceries and provisions to the men, which they agreed to pay for, but refused to do so; that, in the contract set forth in the second cause of action, the men waived all earnings thereunder unless they worked at least twenty days on the contract set forth in the first cause of action, in consideration that defendant waive a bond on their part; that they did not work that length of time on that contract, but abandoned the work without cause; and that the provisions furnished were of greater value than the work performed by the men. Defendant claimed damages in the sum of $2,000. These affirmative matters were traversed by the reply.

The cause was tried to a jury. At the close of plaintiff's evidence, defendant moved for a nonsuit, which was denied. When the evidence was all in, the cause was submitted to the jury upon very full instructions, to which no exceptions were taken. The jury returned a verdict in plaintiff's favor for $923. Defendant's motion for a new trial was overruled. From a judgment entered on the verdict, defendant appeals.

Appellant contends that the court erred (1) in granting a jury trial; (2) in overruling the demurrer to the complaint; (3) in overruling the motion for nonsuit; (4) in refusing a new trial; and (5) in entering the judgment for plaintiff.

I. The first of these assignments of error is based upon the fact that, though the jury fee had been paid in time, no formal demand for a jury was served and filed prior to the calling of the cause for trial. When this question was raised at the opening of the trial, the court offered to grant a continuance if appellant so desired. The offer was declined, counsel for appellant then stating that he did not desire a continuance because his witnesses were all in attendance. Obviously the failure to make a formal demand for a jury had worked no prejudice. Moreover, this assignment is substan-

tially waived in the first sentence of the argument in appellant's opening brief, as follows: "We will not insist that the first error assigned constitutes reversible error."

II.   The demurrer was based on the ground that the complaint at that time did not contain any allegation that the men quit work because of the restraining order, nor give any other reason.   This is true, but the amendment made during the trial supplied this defect.   True, also, the amendment was made over appellant's objection, but, again, the court offered to grant a continuance and the offer was declined.   On direct invitation by the court, counsel for appellant expressly declined to claim prejudicial surprise or to ask for a continuance.   The making of this amendment also answers the further claim in this connection that the demurrer should have been sustained as to the second cause of action because there was no allegation that twenty days' work had been done under the first contract, which was a condition precedent to a recovery for work performed under the second contract.   Had the demurrer been sustained, undoubtedly the amendment would have been made at that time.   The trial amendment effectually cured the error.

III.   We must decline to enter into a detailed discussion of the evidence as invited by appellant's argument on the motion for a nonsuit.   It must suffice to say that we have read the abstract and supplemental abstract, with frequent recourse to the statement of facts, and have found ample evidence to take the case to the jury on every controverted question of fact.   Counsel argues this phase of the case as if the action had been tried to the court without a jury, and as if it were here for a trial *de novo*.   But it was tried to a jury, and it is elementary that our power is exhausted in such a case when we have found either evidence or justifiable inferences from evidence upon which reasonable minds might reach different conclusions.   The weight of the evidence and the credibility of the witnesses were questions for the jury.

IV.   Appellant's argument on the motion for a new trial

is twofold.   It is first asserted that the evidence shows that the men did not quit work because of the injunction, but had quit before the injunction was served.   It is true that there was some evidence capable of that construction, but there was also much positive testimony the other way.   Appellant's own superintendent on the work testified that the injunction papers were served "on the boys on the work."   Several of the men also testified that they quit work because of the injunction.   Appellant apparently confuses the work on the two contracts.   The men did stop work on the clearing contract of April 22 before the injunction was served, but the evidence tends to show that they immediately began the work of grubbing and grading contemplated by the original contract on April 9.   The evidence was conflicting.   The motion for a new trial is addressed to the sound discretion of the trial court.   As we have often said, this is not a court of first instance.   We can only interfere with the exercise of the discretion of the trial court in such a case where there has been a clear abuse of discretion, or where the discretion has not been exercised by the trial court at all, or where the action of the trial court is based upon a misconception of the law.   See *Brown v. Walla Walla,* 76 Wash. 670, 675, 136 Pac. 1166, and the numerous decisions of this court there cited.

It is next argued that a new trial should have been granted because of newly discovered evidence.   Nearly all of the so-called newly discovered evidence set out in the affidavits offered in support of the motion was purely cumulative.   The rest related to disturbances, created in another camp, through the activities of certain labor agitators.   This was offered in connection with some slight evidence that the laborers here involved became frightened and quit work because of these disturbances.   These disturbances were matters of common knowledge.   They were exploited in the newspapers at the time.   Clippings detailing them accompanied the motion for a new trial.   They were palpably as well known to appellant at the time of the trial as they are now.   The evidence was

not only cumulative in character, but there was no sufficient showing that it might not have been produced at the trial by the exercise of reasonable diligence. The record before us does not justify the view that the court abused its discretion in refusing a new trial.

V. What we have said of the other assignments of error disposes of the last assignment. The judgment was based upon the verdict of the jury found upon conflicting evidence, which was submitted to the jury under instructions to which no exceptions were taken. So far as the record shows, no other or different instructions were requested.

We find nothing in the record to justify a reversal. The judgment is affirmed.

HOLCOMB, MORRIS, MAIN, and CHADWICK, JJ., concur.