[No. 16204.  Department One.  April 22, 1921.]

DAN DANIELSON, *as Administrator etc., Respondent,* v.
CARSTENS PACKING COMPANY, *Appellant.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANT OF NEW TRIAL.  The granting or refusing a new trial is entirely discretionary with the trial court, except where pure questions of law are involved, and the action of the lower court will not be interfered with unless an abuse of discretion appears.

NEW TRIAL (24-1)—GROUNDS—INADEQUATE DAMAGES.  The grant of a new trial on the ground of the inadequacy of a verdict of $500 for death, caused by the negligence of defendant, cannot be said to show abuse of the trial court's discretion, where the evidence showed the deceased was an Indian woman, sixty-two years of age, but in splendid health and that her husband was greatly dependent on her and her services.

Appeal from an order of the superior court for Spokane county, Hurn, J., entered March 11, 1920, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, is an action for wrongful death. Affirmed.

*Stephens & Jack,* for appellant.

*Ferris & Ferris* and *M. F. Ryan,* for respondent.

BRIDGES, J.—This action was instituted by the administrator of the estate of Mary Rosalia Wistaka, deceased, to recover damages resulting from a collision on the streets of Spokane. It is alleged that the deceased was riding in a wagon, and that the defendant's automobile carelessly and negligently collided with the wagon, and as a result thereof Mrs. Wistaka was killed. There was a verdict in favor of the plaintiff in the sum of five hundred dollars. Plaintiff made a motion for a new trial on four distinct statutory grounds, as follows: irregularities in the proceedings

[1]Reported in 197 Pac. 617.

of the trial, misconduct of defendant and jury, inadequacy of the damages, and errors of law arising at the trial. The court granted this motion. The order granting the new trial is a general one and does not state for what reason or upon what grounds it was granted. The defendant has appealed from the order granting the new trial.

Appellant has here assumed that the court granted the new trial solely because of the smallness of the verdict, and its sole argument here is that in so doing it abused its discretion. It is very seldom, if ever, we will overturn the action of the trial court in granting a new trial where the record fails to show the reason for that action, because we are unable to determine what influenced the court to make the order.

In this instance, for all the record shows, the court may have granted the new trial for a number of reasons other than the inadequacy of the verdict; it may have been because there were erroneous instructions, or misconduct of the jury, or misconduct of some of the parties to the action, or because the verdict is against the weight of the evidence, or for a number of other reasons. The granting or refusing to grant a new trial is entirely discretionary with the trial court except where pure questions of law are involved, and we have held time and again that we will not interfere with the action of the court in this regard unless we can see from the record that it has abused its discretion. *Getty v. Hutton*, 110 Wash. 429, 188 Pac. 497, and cases there cited.

But if we were to assume, as appellant does, that the court granted the motion for new trial because it considered the verdict of the jury to be inadequate, still, we would not interfere because we cannot say from the record that it abused the discretion vested in it.

Many things may occur during the trial of a case which are perfectly manifest to the trial court, but which are not and cannot be made a matter of record. The deceased was an Indian woman, probably sixty-two years of age and in splendid health. There is some testimony that her husband was very greatly dependent upon her and her services. Under these circumstances, we cannot say that the trial court abused its discretion if it held that a verdict for five hundred dollars was inadequate and against the weight of the testimony. The judgment appealed from is affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.