[No. 20608. Department Two. June 13, 1927.]

WILLIAM D. McLEOD, *Appellant*, v. A. OHLSEN *et al.,* *Respondents.*[1]

[1] APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL—ORDER GRANT-ING. An order granting a new trial based on several grounds, will not be reversed on appeal if within the discretion of the trial court upon any of the grounds not expressly excluded from consideration by the court.

Appeal from an order of the superior court for Pierce county, Remann, J., entered July 29, 1926, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries resulting from an automobile collision. Affirmed.

*G. F. Vanderveer, L. B. Sulgrove,* and *W. G. Beardslee,* for appellant.

*Bates & Peterson,* for respondents.

¹Reported in 256 Pac. 1035.

HOLCOMB, J.—From an order granting a new trial, appellant appeals.

The order of the trial court was granted upon the grounds stated in a letter written by him to counsel for appellant, in which he said:

"After going through my notes on the evidence in the case of McLeod vs. Ohlsen, I am convinced that the motion for a new trial is well taken; that the verdict is contrary to the evidence; that the evidence is insufficient to support the verdict, and the verdict for the amount returned by the jury so excessive under the testimony as to indicate passion and prejudice."

[1] Appellant assigns as his one ground of error that the court abused its discretion in granting a new trial upon the ground that the damages were excessive.

This erroneously assumes that the order of the trial court is based upon but the one ground, that the damages were excessive. On the contrary, the order was based upon two grounds, as shown by the memorandum of the court, namely, that the verdict is contrary to the evidence, and the amount of the verdict so excessive as to indicate passion and prejudice.

A mere cursory examination of the abstract in this case discloses that there was serious conflict in the evidence. This court has very uniformly held, since *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, that,

"Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated."

That case was followed through a number of decisions referred to in *Morehouse v. Everett*, 136 Wash. 112, 238 Pac. 897, where we held that, where the formal order granting a new trial does not af-

firmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court; notwithstanding the court had, on the day before, made an informal decision that the motion would be granted on the ground of an error in an instruction.

The record in this case shows that the motion for a new trial was based upon practically all of the statutory grounds, including those upon which the court appears to have based its order. The order entered by the trial judge is a general order simply to the effect that the,

" . . . motion to set aside the verdict of the jury and grant a new trial be, and the same is hereby sustained . . . and that a new trial be, and the same is hereby granted herein."

Under our consistent rulings, therefore, the order granting a new trial must be sustained.

Affirmed.

MACKINTOSH, C. J., TOLMAN, ASKREN, and MAIN, JJ., concur.