[No. 20811. Department Two. December 15, 1927.]

CLEMENT J. SHOOK, *as Administrator of the Estate of Jacob Shook, Deceased, Respondent,* v. HARRY I. HUGHES *et al., Appellants.*[1]

[1] APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL—ORDER DISPOSING OF MOTION. Where the formal order granting a new trial does not affirmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court; notwithstanding the court had in a memorandum opinion stated its ground for its decision.

Appeal from an order of the superior court for Whitman county, Sharpstein, J., entered May 9, 1927, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for wrongful death. Affirmed.

*John Pattison, Clegg & LaFollette,* and *Danson, Lowe & Danson,* for appellants.

*Kimball & Blake,* for respondent.

MAIN, J.—This is an action for a wrongful death. The cause was tried to the court and a jury and resulted in a verdict for the defendants. The plaintiff made a motion for new trial which was sustained, and from the order entered granting the motion the defendants appeal.

The motion for new trial was based upon a number of different grounds. The order granting the motion, aside from the formal parts, was as follows:

"This matter having heretofore been brought on for hearing on the motion for a new trial filed by the attorneys for the plaintiff, and the court having heard the arguments of the attorneys for the respective parties, and having considered the matter, has filed

¹Reported in 262 Pac. 142.

herein a memorandum decision, and the court being advised in the matter, said motion for a new trial is hereby granted and the verdict is set aside. The defendants, and each of them, through their attorneys except hereto and to all hereof. The defendants may have ten days to file any exceptions which they see fit to file to any statements contained in said memorandum decision, and these exceptions, if filed, will be allowed.''

[1] It thus appears that the ground for granting the motion is not stated in the formal order. There is only a reference to a memorandum decision and a statement that exceptions may be filed to the same. In *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, it was distinctly held that, where a motion for a new trial was made upon a number of grounds and the trial court granted it upon a particular ground, that ground must appear in the formal order. It was there said:

''There may have been some little confusion touching our views, growing out of our decision in the peculiarly circumstanced case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, on the question of just when the record of a given case shows or fails to show the granting or refusing of a new trial exclusively upon some discretionary or purely legal ground; but we think it plain from our later decisions above noted, which are in harmony with those rendered prior to *Crowl v. West Coast Steel Co., supra,* that any such limitation and exclusiveness of the court's ground for the granting or denial of a motion for new trial must appear in the formal final order disposing of the motion, before this court can so view the trial court's disposition of the motion.''

That case was followed in the later case of *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093.

The appellants seek to distinguish the present case from the *Morehouse* case. In that case, the memorandum opinion was filed the day before the order was entered, and was brought here in the transcript. In

the present case, the memorandum opinion was filed on the same day that the order was entered, and both are embodied in the statement of facts. This, however, does not take the present case out of the rule of the *Morehouse* case. The rule of that case was deliberately entered for the purpose of making the law on this question definite and certain. To now hold that the present case was not within the rule would be to place the law, on this question, in that uncertain condition that it was after the decision in the case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, and prior to the decision in the *Morehouse* case. This we think should not be done. The ground of the motion in the present case not appearing in the formal order entered, the rule of the *Morehouse* case applies, and we cannot consider the particular ground upon which the trial court granted the motion as indicated in the memorandum decision.

It is said that the order in the present case was drawn and caused to be entered by the trial judge, and this is no doubt true. Theoretically, that is what is done in every case but, of course, the practice is different. It would not do to hold that the rule of the *Morehouse* case did not apply because the order was drafted by the trial judge, as this would not be a reasonable or sound basis for a distinction. The rule of the *Morehouse* case is not difficult to comply with, and it makes the practice definite and certain. We think it should not be. departed from.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOLCOMB, JJ., concur.