[No. 21399. Department Two. November 27, 1928.]

MARY HOOVEN, *Respondent*, v. JACK MOEN *et al.,*
*Appellants.*[1]

*Whittemore & Truscott, J. Speed Smith,* and *Henry
Elliott, Jr.,* for appellants.

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for re-
spondent.

ASKREN, J.—This appeal is from a verdict and judg-
ment in favor of plaintiff in an action for personal in-
juries sustained when she was struck by an automobile
owned by the defendants Flakstad and operated by
their employee, defendant Jack Moen.
The appeal presents the usual question in such
cases: Was the respondent guilty of contributory

[1] Reported in 272 Pac. 50.

negligence as a matter of law? This depends on the facts. While the evidence was in conflict in some respects, the jury had evidence before it from which it might reasonably conclude as follows:

The respondent, in company with her daughter and two sons, all adults, drove in an automobile from Woodinville to 87th street and Greenwood avenue, just outside the city limits of Seattle. The car was stopped between 85th and 87th streets, on the west side of the street, and respondent alighted and crossed Greenwood avenue to Stong's Market to make a purchase. It was shortly after six o'clock, on a Saturday evening in the summer time, with no untoward weather conditions to interfere with visibility. Greenwood avenue is paved to a width of forty feet, between 85th and 87th streets, 85th street being at the city limits of Seattle.

Respondent, upon completing her purchases, started to return to the car. At what point she started to cross the street, the testimony is not at all conclusive, witnesses placing it at various points, but all agreeing that it was south of 87th street. Starting to cross the street, she noticed two cars approaching from the south. She stepped back to allow them to pass, and then proceeded across. Before starting she looked to her right, as well as to her left. Just before she reached the car, she was struck by a Ford coupe, driven by the defendant Moen, and hurled quite a distance through the air, and was picked up from the pavement in a very serious condition, having injuries of a grave character.

Appellants argue the point of contributory negligence from many angles. It is asserted that, although respondent testified that the road was clear to her right, or north, as she looked up the street before starting to cross, yet the fact that she was hit by an

automobile demonstrates that her testimony is untrue, and that she will not be heard to say that she looked and did not see that which she must have seen (citing *Maddux v. Gray,* 128 Wash. 149, 222 Pac. 470; *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784, and other similar cases). But appellants must assume, in presenting this argument, that the Ford was traveling at a slow rate of speed and was within reasonable proximity to the point at which respondent was crossing, having due regard to the difference in their speeds. There was testimony that the Ford approached at a speed of from forty to forty-five miles an hour, which, considering the ordinary speed of a pedestrian, would place the Ford at a distance of six or seven hundred feet away at the time respondent started to cross the street. We cannot say that it is negligence for a pedestrian to cross a street forty feet wide, when the only approaching automobile is approximately two blocks away. We think this too apparent to require argument or citation of authority.

But perhaps the strongest issue presented by appellant arises out of the question of what degree of care is required by a pedestrian crossing a street at a point other than a designated crossing, appellant insisting that respondent was required to keep a continuous lookout for automobiles. In support of the contention that the highest degree of care is required, appellant has cited a large number of cases involving accidents within the limits of certain cities where the pedestrian attempted to cross between street crossings. Among these are *Harder v. Matthews,* 67 Wash. 487; 121 Pac. 983, where a woman crossed a street diagonally, between crossings, in the city of Spokane, and stepped from behind an express wagon directly in front of an approaching automobile; *Daugherty v. Metropolitan Motor Car Co.,* 85 Wash. 105, 147 Pac.

655, where a newsboy ran diagonally across a street, within the city limits of Seattle, at a point other than a street crossing, and other cases of similar import.

The trouble with these cases as authority here is this: The accident out of which the present action arose did not take place within the city limits of Seattle or any other city. The point was wholly outside the city and neither city ordinance nor other law gave the right of way to the pedestrian or to the automobile, but each had equal and reciprocal rights to the highway. But if we were to assume, as appellant does, that respondent's rights are the same on the highway as on a city street, the facts here would not help appellant. The rule which we think applicable to such a state of facts is well stated in *Hillebrant v. Manz,* 71 Wash. 250, 128 Pac. 892, where a pedestrian crossed a street in the city of Seattle diagonally, at a point somewhat south of the intersection. The plaintiff in that action having testified that he looked for traffic before leaving the curb and found the street clear, we said:

"Whether, after looking once and seeing a clear street, the appellant acted as a reasonably prudent man in proceeding from a point within twelve feet of the street intersection toward the street car which he was intent upon boarding, without again turning and looking south along the avenue, in the absence of any sound of horn or other warning, was plainly a question for the jury. As said by the supreme court of Massachusetts, so holding in a case parallel with this in every essential particular:

" 'There is no imperative rule of law which has been called to our attention generally requiring a pedestrian when lawfully using the public ways to be continuously looking or listening to ascertain if autocars are approaching, under the penalty that upon failing to do so, if he is injured, his negligence must be conclusively presumed'." (Citing cases.)

Other cases of like character are: *Chase v. Seattle Taxicab & Transfer Co.,* 78 Wash. 537, 139 Pac. 499;

*Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756; *Woodbury v. Hoquiam Water Co.,* 138 Wash. 254, 244 Pac. 565.

These cases make it clear that the question of contributory negligence in this case was one for the jury.

The facts in the case of *Moseley v. Mills,* 145 Wash. 253, 259 Pac. 715, are so strikingly different from the facts in this one that the decision there is not an authority helpful to appellant.

Appellant also assigns as error the giving of an instruction wherein the court told the jury that there was no law or rule of the road fixing the point at which the respondent should have crossed Greenwood avenue. In this we find no error. Neither statute nor ordinance forbid the use of the highway at the point it was used by respondent. She had the right to cross at any point she wished, provided always she did so in the exercise of ordinary care. The rule is stated in 42 C. J. 1037:

"In the absence of any governmental regulation restricting his rights in this respect, a pedestrian is entitled to use any part of the highway for the purpose of travel, and the operator of a motor vehicle is bound to exercise due care to avoid injuring a pedestrian, although the latter is upon the portion of the highway usually used for vehicular traffic."

See, also, *Wickman v. Lundy,* 120 Wash. 69, 206 Pac. 842; Berry on Automobiles (3rd ed.), §§ 312 and 313.

Judgment affirmed.

FULLERTON, C. J., FRENCH, PARKER, and MAIN, JJ., concur.