[No. 22745. Department Two. March 27, 1931.]

WALTER W. LEACH *et al., Respondents,* v. VICTOR ERICKSON, *Appellant.*[1]

[1]Reported in 297 Pac. 738.

474

*Ralph S. Pierce* and *Kenneth G. Smiles,* for appellant.

*M. M. Moulton* and *B. B. Horrigan,* for respondents.

Beeler, J.—The plaintiffs brought this suit to recover $21,362.41 for personal injuries alleged to have been sustained by Leota Leach, and for damages to their automobile in the sum of $319.36. The defendant denied all allegations of negligence, and by way of cross-complaint sought to recover from plaintiffs one thousand dollars for personal injuries, and $403.73 for damages to his automobile. The cause was tried to the court and jury and resulted in a verdict in favor of the defendant in the sum of one dollar. Plaintiffs moved for a new trial, which motion was by the court granted. The defendant has appealed.

Appellant contends the court erred in granting a new trial. The order granting the motion for a new trial was general in its terms, and the effect to be given such an order is tersely stated in *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907:

"Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based,

the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated."

See, also, *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, and cases there cited.

■ The motion was predicated on six statutory grounds. Under the statute, Rem. Comp. Stat. § 401, the first three grounds of the motion must be supported by affidavit, and, since they were not thus supported, we cannot consider them.

The next two grounds are: Insufficiency of the evidence to justify the verdict, and that it is against the law, and error in the assessment of the amount of recovery. The question raised by these two grounds is: Did the trial court abuse its discretion in setting aside the verdict and granting a new trial? A brief reference to the facts is necessary.

■■ The two automobiles came into collision within a street intersection in the town of Pasco, at about five o'clock on the evening of December 31, 1928. Margaret street extends east and west, and crosses Fourth and Fifth streets, which extend north and south, the distance between the last two mentioned streets being 438 feet. Both Margaret street and Fifth street are thirty feet wide, thus making the intersection of these streets thirty feet square.

The driver of each car saw the other car before the collision. There is evidence to the effect that respondents' car entered the intersection first, likewise there is evidence that appellant's car entered the intersection first. Respondent, Leota Leach, was driving west on Margaret street, and appellant was driving north on Fifth street, therefore respondent approached the intersection on appellant's right.

Appellant relies on his testimony and that of his witness Minerva Livesey to overcome respondents' con-

tention that she had the right of way. Appellant testified that he saw respondent Leota Leach turn from Fourth street into Margaret street at which time he was approximately seventy-five feet distant from the point of collision, and was traveling fifteen miles an hour, and, while he traveled this distance, respondent Mrs. Leach, whom he continuously observed, traveled from Fourth street to Fifth street a distance of 438 feet to the point of collision. Appellant further testified that in crossing the intersection he was traveling at the rate of fifteen miles per hour, and, as he entered the intersection, respondent was one hundred feet away. Appellant's testimony was partially corroborated by the witness Mrs. Livesey.

Assuming that appellant and his witness were correct in their estimate of the location and speed of the respective automobiles, then we have two conditions or facts: First, while appellant drove a distance of seventy-five feet respondent drove 438 feet; and second, while appellant drove fifteen feet within the intersection, respondent drove a distance of approximately one hundred feet. Translated into speed, and again assuming appellant's estimate as to his speed and as to the location of the two cars to be correct, respondents' automobile was traveling from eighty-five to one hundred miles per hour. The record shows this to be an impossible rate of speed. Respondents' car was a Buick weighing about 3,770 pounds. Neither of the automobiles overturned nor left the intersection, although only thirty feet square. Had respondents' car been traveling in the manner as testified to by appellant and the witness Mrs. Livesey, a far different result would have followed the collision.

The verdict of a jury, if contrary to natural laws or physical facts, cannot be sustained. In *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51, we said:

"Oral statements, although undisputed, must yield to undisputed physical facts and conditions with which they are irreconcilable."

See, also, *Mandel v. Washington Water Power Co.,* 83 Wash. 19, 144 Pac. 921.

Furthermore, it was stipulated between the parties that appellant's damage resulting from injury to his car was $403.73. Yet, in the face of this stipulation, the jury returned a verdict for but one dollar. While it may be true, as appellant contends, that respondents cannot be heard to complain of the inadequacy of the verdict, nevertheless it was a fact or circumstance that the trial court was not only justified, but bound to take into consideration.

Of course, the evidence offered by respondents as to the cause of the accident presents an entirely different picture.

From our examination of the record, we are satisfied that the court did not abuse its discretion in granting a new trial. We have repeatedly held that, in passing on a motion for a new trial where there are no purely legal questions involved, it is within the sound discretion of the trial court to grant or refuse to grant a new trial, and that we will not interfere with the action unless it is clear from the record that the trial court abused its discretion.

"We have frequently held that where the evidence is conflicting, it is entirely within the discretion of the trial court to grant or deny a new trial upon the ground of the insufficiency of the evidence to justify the verdict or that the verdict is against the weight of the evidence, and we have likewise upheld trial courts in setting aside verdicts and granting new trials where the amount awarded was in the opinion of the trial court inadequate." *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827.

■ The sixth ground of respondents' motion relates to the admission in evidence of a letter written by appellant's counsel, addressed to respondents, demanding payment in the sum of $403.73, the amount claimed necessary to repair appellant's car. We fail to see upon what theory this letter was admissible, and, in the event of a retrial, it should not be received in evidence.

■ Appellant next assigns as error the refusal of the court to strike respondents' cost bill. The order granting a new trial was entered December 21, 1929. On January 2, 1930, respondents filed their cost bill, amounting to the sum of $134.50. Thereafter, appellant moved to strike the cost bill, and, while the court refused to grant the motion, no ruling or disposition was made concerning the costs. The court not having allowed nor disallowed costs to respondents, and neither party having prevailed in the action, we hold that the matter of awarding or taxing the costs now in dispute should be held in abeyance to await the final determination of the cause. And, in the event of a retrial, if respondents prevail they will be entitled to judgment for the costs incurred on the first trial, otherwise not.

The order appealed from is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.