[No. 22965. Department One. April 14, 1931.]

CARL H. TRUNK, *Respondent,* v. ADELBERT P. WILKES *et al., Appellants.*[1]

[1]Reported in 297 Pac. 1091.

*Danson, Lowe & Danson* and *Raymond F. Kelly,* for appellants.

*Randall & Danskin* and *Frank Trunk,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court and a jury. At the conclusion of the plaintiff's evidence, the defendants challenged the sufficiency thereof, and moved for a judgment of dismissal, which motion was overruled. At the conclusion of all of the evidence, the cause was submitted to the jury, and a verdict in favor of the defendants was returned. The plaintiff made a motion for new trial, which was sustained, the order granting a new trial reciting that it was granted because of "insufficiency of the evidence to justify the verdict." From the order granting a new trial, the defendants appeal.

In this opinion, Adelbert P. Wilkes will be referred to as though he were the only party appellant. Early in the morning on the 16th day of October, 1929, the appellant, with L. H. Critzer and respondent Carl H. Trunk as his guests, left the city of Spokane in a Master Six Buick automobile owned by appellant, the party intending to go on a hunting trip. Due to the fact that the appellant sometime previous had sustained an injury to one of his legs, Critzer, either at his own suggestion or that of appellant, drove the car, respondent riding in the front seat with him, while the appellant rode in the rear seat.

When about thirty miles from Spokane, and while crossing a viaduct which spanned the Northern Pacific Railway tracks, the car skidded, went to the left, passed through the railing, and fell to the ground below, the respondent sustaining the injuries for which he sought recovery. The planking on the viaduct at the time was either frosty or wet; there was a slight decline in the viaduct just past the center thereof, and it was at this point that the skidding took place.

The respondent's theory is that the brakes on the automobile were defective, so that, when they were applied, they caused one or both wheels on the left side of the automobile to lock and skid along, while, at the same time, the right wheels were permitted to continue to revolve, thus causing the car to pull to the left; that, just after they had crossed the center of the viaduct, Critzer applied the brakes, the left wheels skidded and the car pulled to the left and went through the railing; that the appellant knew of the defective condition of the brakes, but had not, when he turned the car over to Critzer, informed him of their defective condition. The appellant's theory of the case is that, after they passed over the center of the bridge and started down the incline, there being quite a little straightaway ahead, Critzer increased the power, which caused the rear wheels to skid to the right, and, before he could get the car straightened out, it went through the railing on the left.

The respondent testified in support of his theory, and was corroborated by the evidence of other witnesses; the appellant testified in support of his theory, and he, also, was corroborated by the testimony of other witnesses. The appellant testified that, so far as he knew, there was no occasion, from the time they left Spokane until they reached the viaduct, "for Critzer to apply the brakes."

About two weeks prior to the date of the accident, or on October 1st, the appellant had gone on a hunting trip with two other persons as his guests. One of the guests on that trip, who drove the car for a considerable portion of the time, testified:

"I know the defendant Mr. Wilkes and was acquainted with him prior to October 16, 1929, and was out hunting with him on October 1st. Mr. Hugh McElroy was with us. I drove Wilkes' car most of the way that day to Pomeroy and had occasion to use the brakes. During the time I was driving I mentioned very frequently to Mr. McElroy and Mr. Wilkes that he should have his brakes fixed because the car, when I put on the brakes, had a decided tendency to pull to the left, and in one particular case I was going down an old grade between Central Valley grade and the Lewiston grade, a grade that is not much used, driving slowly, and had occasion to use the brakes a good deal and the car pulled so much that it would pull us right out of the ruts on this grade. It was a decided pull and I knew it was a pull because I have driven cars that pulled that way before. I know it was caused by the brakes."

The appellant admitted that he had not called Critzer's attention to the condition of the brakes on the morning of the 16th, when the car was turned over to him to drive.

There is but one assignment of error, and that is based upon the ruling of the trial court in granting a new trial. In support of this claim of error, the appellant argues that there was not sufficient evidence to take the case to the jury, and for this reason the order granting a new trial should be reversed. It will be admitted that if there was not sufficient evidence to take the case to the jury, the appellant's position is well taken. Upon the question as to the manner in which the accident happened, the evidence is in direct

and unequivocal dispute, and it cannot be said that the question was not one for the jury.

The question is finally reduced to whether the appellant, in failing to inform Critzer of the defective condition of the brakes, was guilty of gross negligence. The appellant says that, as a matter of law, the evidence was insufficient for that purpose; the respondent says that the question was one of fact for the jury. The respondent being the guest of the appellant, it was necessary for him to show facts from which the jury might find gross negligence, which is the failure to exercise slight care. *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; *Blood v. Austin,* 149 Wash. 41, 270 Pac. 103. Whether, in the exercise of slight care, it was the duty of the appellant to inform Critzer of the defective brakes on the automobile, it seems to us was a question of fact. In *Eastman v. Silva,* 156 Wash. 613, 287 Pac. 656, it was held that the question of whether one driving an automobile having defective steering gear, of which he had knowledge, was guilty of gross negligence was a question of fact. If the brakes were in the condition that the testimony of the witness who drove the car on the prior occasion would indicate, it cannot be held, as a matter of law, that the appellant, in intrusting the automobile to Critzer without informing him of the defective condition of the brakes, was *not guilty* of gross negligence.

There being sufficient evidence upon the manner in which the accident occurred, as well as upon the question of gross negligence, to take the case to the jury, the trial court, in the exercise of its discretion, had a right to grant a new trial, and this court, in the absence of a showing of an abuse of discretion, will not disturb the ruling. There is nothing in this case which would indicate that the trial court abused its discretion. If it believed, as it apparently did, that

the verdict was not a just one, it acted entirely within its proper functions in granting a new trial.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.

