[No. 25267. Department Two. December 10, 1934.]

RICHARD J. COOK, *Respondent,* v. GENERAL DRY KILN COMPANY, *Defendant,* VICTOR G. GILBREATH, *Appellant.*[1]

*Roberts & Skeel* and *Frank Hunter,* for appellant.

*Riddell & Brackett,* for respondent.

STEINERT, J.—This is an action to recover an attorney's fee. The case was tried before a jury. At the conclusion of the evidence, the court directed the jury to return a verdict in a stated amount against the corporate defendant, and submitted the case to the jury

[1]Reported in 38 P. (2d) 349.

as to the individual defendant. The jury returned a verdict against both defendants, in separate and different amounts. The defendant Gilbreath alone has appealed.

The facts, so far as they are undisputed, are these: Appellant and one Grondal had perfected an invention for kiln-drying lumber. Application for patent was made by the inventors through respondent, a patent attorney. Thereafter, the patent rights for the invention were assigned to North Coast Dry Kiln Company, a corporation, of which appellant was president. Subsequently, that corporation entered into an agreement with General Dry Kiln Company for the construction by the latter of dry kilns under the above patent rights. Later, Moore Dry Kiln Company, a competing firm, brought suit in the Federal court against General Dry Kiln Company for infringement of certain patent rights held by it. Respondent was employed to, and did, defend that suit.

The disputed facts concern the terms of the agreement relative to respondent's employment. Respondent's evidence was to the effect that, at a conference at which he and a representative of General Dry Kiln Company and also appellant were present, it was agreed by the three individuals that General Dry Kiln Company and appellant should each pay one-half of respondent's fee. Appellant's evidence was to the effect that the agreement was that General Dry Kiln Company should pay one-half of the fee and that North Coast Dry Kiln Company, of which appellant was president, should pay the other half. The issue was whether appellant had obligated himself personally, or whether he was acting only for his company.

The evidence was squarely in conflict, and, as it appears in the record, was about equally balanced,

considering the number of witnesses, their respective interests and the inferences arising from the attendant circumstances. It was, therefore, a question of fact for the jury to decide, and its verdict reflects its finding upon the disputed issue.

In denying the motion for new trial, the trial judge expressed the view that, although in his opinion the weight of the evidence was the other way, he could not say that reasonable minds could not differ on the question. The evidence being in conflict, it was within the discretion of the trial court to grant or to deny the motion. By denying the motion, the trial court approved the verdict. There being nothing in the record to indicate an abuse of discretion, the ruling of the trial court can not be disturbed. *Danielson v. Carstens Packing Co.*, 115 Wash. 516, 197 Pac. 617; *Huntington v. Clallam Grain Co.*, 175 Wash. 310, 27 P. (2d) 583.

Appellant assigns further error upon misconduct of counsel in his closing argument to the jury. The court promptly and properly admonished the jury to disregard counsel's statement, and our reading of the record convinces us that no prejudice resulted to appellant.

The judgment is affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.