[No. 25324. Department One. May 6, 1935.]

EDNA E. DAVIS, *Appellant,* v. DEE R. RIEGEL *et al.,*
*Respondents.*[1]

[1]Reported in 44 P. (2d) 771.

*Orville W. Duell* and *Ralph E. Carlson,* for appellant.

*Randall & Danskin,* for respondents.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries which she sustained when hit by an automobile. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,165. The defendants moved for judgment notwithstanding the verdict and for a new trial, both of which motions were sustained. From the judgment entered disposing of both motions as indicated, the plaintiff appeals.

The respondents Dee R. Riegel and Guy E. Riegel are copartners engaged in the business of selling new and second-hand automobiles in the city of Spokane. J. M. Baldwin was an employee of the firm and manager of its used car department. The accident out of which this litigation arose occurred at about five o'clock p. m., December 28, 1933, at the intersection of First avenue and Cedar street, in the city of Spokane. First avenue extends east and west, and Cedar street north and south. First avenue is approximately fifty-one feet between curbs.

The appellant was proceeding south on the east side of Cedar street. When she approached the curb on the north side of First avenue, she looked to the east and to the west, and also to the north. She testified

that she did not have any distinct recollection of looking to the south, the direction in which she was going. It was raining slightly at the time, but there was no wind; or, if any, it was very slight. The appellant started across First avenue, carrying an umbrella over her head, and proceeded across in the sidewalk area extended.

In the course of his employment, Baldwin was proceeding north on Cedar street, traveling at a speed of ten or fifteen miles an hour. The lights on the automobile were burning. When the appellant had proceeded about thirty-eight feet and was within thirteen feet, approximately, of the curb, on the south side of First avenue, she was struck by the automobile and sustained the injuries for which recovery is sought.

The appellant testified that she did not see the automobile as it swung to the right around the corner until it was within about three feet of her. Baldwin testified that he did not see the appellant at all, did not know that he had struck her, and that he did not sound the horn. His theory was that another car had crossed the intersection from the west just before he reached the intersection, and that the appellant had been struck by that car. The jury, however, in answer to a special interrogatory, held against him on this matter.

An ordinance of the city of Spokane, subject to the duty to comply with the direction of traffic officers and automatic signal lights, provided that:

"Pedestrians shall have the right of way over vehicles at street intersections and crossings;"

and further provided that it should be the duty of the driver of any vehicle to keep in mind continuously the rights of pedestrians at street intersections and crossings, and, whenever necessary, to accord the pedestrian the right of way. That Baldwin was guilty of

4

negligence in not yielding the right of way to the appellant or sounding his horn or giving any other warning cannot be doubted, and we do not understand it to be seriously contended to the contrary.

The principal contention made to sustain the judgment notwithstanding the verdict is that the appellant was guilty of contributory negligence as a matter of law. When she started to cross the street, the automobile was probably 150 or 160 feet from the south line of the intersection. Assuming that she did not look to the south, and that, if she had looked, she could have seen the automobile, she is charged with notice of what she would have seen, had she looked. The situation would be the same as though she had looked and seen the automobile. *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784. It is immaterial whether she looked or not, if, as a reasonably prudent person, she would have been justified in trying to cross had she looked before starting. *Morris v. Seattle, Renton & Southern Ry. Co.,* 66 Wash. 691, 120 Pac. 534.

If she had looked and seen the automobile, she would have had a right to assume that the driver thereof would not violate the city ordinance with reference to yielding the right of way to pedestrians upon a crossing, and that he would, if he was not going to yield the right of way, have sounded his horn or given her some other warning so that she would have gotten out of the way. *Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890.

The ordinance puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile. *Anselmo v. Morsing,* 166 Wash. 111, 6 P. (2d) 377, 9 P. (2d) 100. Whether the appellant, having looked before starting to cross the street intersection, or having failed to look, and being charged with the same knowledge that she would have had had

she looked, must again look after starting across, depends upon such circumstances and conditions as the amount of the traffic and the statutes or ordinances which give the pedestrian the right of way.

When these and other such conditions are present, the question of whether there is contributory negligence is usually a question for the jury. *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756. Even though the ordinance gave the appellant the right of way at the intersection, it was her duty to exercise ordinary care to avoid the automobile. Berry on Automobiles (5th ed.), § 342; *Hooper v. Corliss,* 146 Wash. 50, 261 Pac. 645.

Whether the appellant in this case, in the exercise of ordinary care, should have seen the automobile rounding the corner, without giving any warning and without yielding the right of way, in time to have avoided being struck by it, was a question for the jury. Had she seen the automobile 150 feet away when she started across the intersection, there would have been nothing to indicate to her that it was going to change its course and swing around the corner over the crossing upon which she was proceeding. Contributory negligence, as many times held, is an affirmative defense, and the burden was upon the respondents to sustain it. The trial court was in error in granting the motion for judgment notwithstanding the verdict.

 The motion for new trial was based upon a number of different grounds, and the order granting the motion was general. It did not show upon which of the grounds stated in the motion the order was based. The trial court, in the exercise of its discretion, had a right to grant the motion. Where the record shows, as in this case, that the motion for new trial was made upon a number of grounds, but does not show upon which of them the ruling of the court

**6**

was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated. *Morehouse v. Everett*, 136 Wash. 112, 238 Pac. 897; *Bone v. Yellow Cab Co.*, 137 Wash. 472, 242 Pac. 1093; *McLeod v. Ohlsen*, 144 Wash. 90, 256 Pac. 1035; *Shook v. Hughes*, 146 Wash. 134, 262 Pac. 142.

Subdivision 7 of § 1, chapter 138, Laws of 1933, p. 481 (Rem. 1934 Sup., § 399 [P. C. § 8225]), did not take away from the court the right to exercise its discretion with reference to the granting of a new trial when the court should believe that substantial justice had not been done in the case. *Brammer v. Lappenbusch*, 176 Wash. 625, 30 P. (2d) 947.

The judgment, in so far as it granted the motion for judgment notwithstanding the verdict, will be reversed, and affirmed in the granting of the new trial.

MILLARD, C. J., GERAGHTY, BEALS, and TOLMAN, JJ., concur.