[No. 25538. Department Two. October 7, 1935.]

KENNETH LOWTHER, *by his Guardian ad Litem, L. L. Lowther, Respondent,* v. L. J. TOLLEFSON, *Appellant.*[1]

*Edge & Wilson* and *M. E. Jesseph,* for appellant.

*Luby & Pearson,* for respondent.

MITCHELL, J.—This is a suit for damages caused by the collision of an automobile driven by the defendant, Tollefson, with a bicycle on which Kenneth Lowther, the plaintiff, was riding. The defendant was charged with negligent, reckless driving. The answer consisted of a general denial and an allegation of contributory negligence against the plaintiff, which latter was denied in plaintiff's reply. The trial resulted in a verdict for the defendant. Plaintiff's motion for a new trial was granted. Defendant has appealed.

The only assignment is that the court erred in granting a new trial.

As to the facts, the decision must rest upon the record with respect to the alleged negligence of the appel-

[1]Reported in 49 P. (2d) 908.

lant, and not the alleged contributory negligence of the respondent. It may be admitted, for the purpose of appeal, that there was a substantial conflict in the evidence. It is therefore contended on behalf of appellant that the granting of a new trial under such circumstances was error, "that a new trial shall not be granted except that there is no evidence or reasonable inference from evidence to justify the verdict or decision."

The motion for new trial was upon eight separate grounds and embraced all of the statutory causes mentioned in Rem. Rev. Stat., § 399 [P. C. § 8225], except "error in the assessment of the amount of recovery." The order granting the motion was general.

The rule relied on by the appellant is not applicable where the motion for a new trial is as comprehensive and the order denying it as general as in the present case. The applicable rule here is set out in *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771, as follows:

"The motion for new trial was based upon a number of different grounds, and the order granting the motion was general. It did not show upon which of the grounds stated in the motion the order was based. The trial court, in the exercise of its discretion, had a right to grant the motion. Where the record shows, as in this case, that the motion for new trial was made upon a number of grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093; *McLeod v. Ohlsen,* 144 Wash. 90, 256 Pac. 1035; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142.

"Subdivision 7 of § 1, chapter 138, Laws of 1933, p. 481 (Rem. 1934 Sup., § 399 [P. C. § 8225]), did not

take away from the court the right to exercise its discretion with reference to the granting of a new trial when the court should believe that substantial justice had not been done in the case. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947.''

There was nothing in the present case to take the ruling upon the motion for new trial out of the sound discretion of the trial court.

The fact that an oral or memorandum opinion, which refers to only one or less than all of the grounds relied on for a new trial, is made on the same day that the general order granting the motion is filed, as occurred in this case, does not change the rule. See *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, cited in *Davis v. Riegel, supra,* where the general order denying the motion for a new trial was filed the same day on which the trial court's memorandum opinion was filed.

Judgment affirmed.

MILLARD, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.