[No. 25880. Department One. October 17, 1935.]

GEORGE McINNES, *Respondent,* v. WILLIAM G. JOHN
*et al., Appellants.*[1]

*Eggerman & Rosling,* for appellants.

*Joseph H. Griffin* and *Peter A. McDonald,* for respondent.

MITCHELL, J.—This appeal involves a collision at a street intersection. The plaintiff, George McInnes, claims that, while walking across the street, he was knocked down and severely injured by an automobile belonging to the defendants, William G. John and his wife, and that the collision occurred on account of the negligent manner, in several particulars set out in the complaint, in which the automobile was being driven.

Defendants denied that their automobile struck plaintiff, "claiming that he was injured and lying on

[1]Reported in 49 P. (2d) 909.

the street while their automobile was still 70 or 80 feet away." Trial to a jury resulted in a verdict for the plaintiff in the sum of five thousand dollars. The defendants have appealed from a judgment on the verdict.

The only assignment is that error was committed in refusing to grant a new trial, which assignment is discussed on behalf of the appellants under two subdivisions: (1) That the evidence preponderates against the verdict; (2) that the verdict is excessive.

■ The jury is the judge of the weight of the evidence. In this case, there was a square conflict in the evidence. The respondent and several eye witnesses testified in support of the allegations in the complaint. Appellant William G. John and several eye witnesses testified in support of appellants' contention. The trial judge, upon hearing and considering the motion for a new trial, denied it. The case falls within the common rule expressed in *Cook v. General Dry Kiln Co.*, 179 Wash. 651, 38 P. (2d) 349, as follows:

"The evidence being in conflict, it was within the discretion of the trial court to grant or to deny the motion. By denying the motion, the trial court approved the verdict. There being nothing in the record to indicate an abuse of discretion, the ruling of the trial court can not be disturbed. *Danielson v. Carstens Packing Co.*, 115 Wash. 516, 197 Pac. 617; *Huntington v. Clallam Grain Co.*, 175 Wash. 310, 27 P. (2d) 583."

■ As to the other branch of the argument on the assignment of error, the evidence abundantly shows that McInnes, forty-five years of age and of good health at the time he was injured, suffered two fractures of the right leg, a spiral fracture of the right tibia in its lower third, and a fracture of the upper third of the right fibula. The doctor called by

appellants stated that the injured leg was one-fourth of an inch shorter and the calf was one-fourth of an inch smaller than the other, and that on February 13, 1935, more than a year after the collision, he found McInnes eight per cent totally disabled. Respondent was confined in the hospital for two months, thereafter used crutches for several months, then a cane, and suffered considerable pain, which was continuing at the time of the trial.

These facts and circumstances were, of course, considered by the trial judge, who found no occasion to disturb the verdict.

In actions of this sort, there is no certain or definite rule by which the amount of an award can be measured. It is a matter peculiarly within the judgment of the jury to fix. The trial court in this case refused to interfere with the verdict, and upon all the evidence we find no reason to interfere with the judgment.

Affirmed.

BLAKE, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.