[No. 26011. Department One. May 4, 1936.]

H. T. AHRENS et al., Respondents, v. A. R. ANDERSON, Appellant.[1]

[1]Reported in 57 P. (2d) 410.

*Edge & Wilson,* for appellant.

*Gleeson & Gleeson,* for respondents.

STEINERT, J.—This is an action for damages for personal injuries sustained by a pedestrian who was struck by an automobile. Trial by a jury resulted in a verdict for defendant. From an order granting plaintiffs' motion for new trial, the defendant has appealed.

There are three assignments of error: (1) that the court erred in overruling appellant's challenge to the sufficiency of the evidence at the close of respondents' case; (2) that the court erred in refusing to grant appellant's motion to dismiss the case at the conclusion of all the testimony given at the trial; and (3) that the court erred in granting the motion for new trial.

The first two assignments require but little com-

ment. Appellant concedes, in his brief, that the evidence *may* have been sufficient to take the case to the jury.

■ Where, on a controverted question of fact, there is evidence, or justifiable inferences from evidence, upon which reasonable minds might reach different conclusions, the question becomes one for the jury, and not for the court, to decide. *Skarlatos v. Brice,* 96 Wash. 205, 164 Pac. 939; *Trunk v. Wilkes,* 162 Wash. 114, 297 Pac. 1091; *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644; *Larson v. Olson,* 167 Wash. 253, 9 P. (2d) 68; *Harry v. Beatty,* 177 Wash. 153, 31 P. (2d) 97; *MacDonald v. Gillio,* 181 Wash. 673, 44 P. (2d) 783.

After reading the record, we are satisfied that the evidence was sufficient to take the case to the jury, and that the court committed no error in submitting it to the triers of the fact.

■ The third and final assignment of error presents the real controversy in this case, namely, whether the court, in granting the motion for new trial, acted in an arbitrary and capricious manner. The motion for new trial was based on seven of the grounds specified in Rem. 1935 Sup., § 399 [P. C. § 8225]. The order granting the motion did not indicate the ground on which it was based, but was general in its ruling.

When a motion for new trial is made upon several grounds, and the order granting the motion does not show upon which of the grounds the ruling is based, the order will not be reversed if it was within the sound discretion of the court to grant the motion on any of the grounds assigned. *Leach v. Erickson,* 161 Wash. 473, 297 Pac. 138; *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771; *Mitchell v. Rice,* 183 Wash. 402, 48 P. (2d) 949; *Lowther v. Tollefson,* 184 Wash. 55, 49 P. (2d) 908.

Appellant's sole contention is directed against the alleged contributory negligence of the injured respondent, Mrs. Ahrens, who will hereinafter be referred to as though she were the only respondent on the appeal.

■ The question whether respondent was guilty of contributory negligence depends, in turn, upon her position in the street at the time of the accident and upon the precaution taken by her immediately prior thereto. She testified repeatedly and emphatically that, at the time that she was struck by appellant's automobile, she was crossing the street at the intersection, in line with the sidewalk, if extended. She also testified repeatedly that, before leaving the sidewalk, she first permitted several automobiles to pass and then looked to the south and saw appellant's car approaching more than a block away; that, thinking that she had plenty of time to cross ahead of the approaching car, she left the curb and proceeded directly forward, but did not look to the south again after leaving the curb; that, when she had proceeded eight or ten steps into the street, she was suddenly struck and knocked down by the oncoming car. There was some evidence by disinterested witnesses supporting her testimony.

Appellant's evidence on the subject of respondent's location and transit was that she hurriedly came out from between two automobiles parked at the curb north of the corner and started across the street about forty feet north of the intersection; that, when appellant saw her, he immediately applied his brakes and swerved his car to the left, but was unable to avoid the collision. Upon the question of respondent's position, there was, thus, a substantial conflict in the evidence.

■ Where the evidence upon a material issue in a case is conflicting, but sufficient to take the case to the

jury, and there are no purely legal questions involved, it is within the sound discretion of the trial court to grant or deny a motion for new trial, and the ruling of the court on such motion will not be interfered with unless it is clear, from the record, that the court has abused its discretion. *Leach v. Erickson,* 161 Wash. 473, 297 Pac. 738; *Trunk v. Wilkes,* 162 Wash. 114, 297 Pac. 1091; *Norland v. Peterson,* 169 Wash. 380, 13 P. (2d) 483; *Huntington v. Clallam Grain.Co.,* 175 Wash. 310, 27 P. (2d) 583; *Cook v. General Dry Kiln Co.,* 179 Wash. 651, 38 P. (2d) 349; *McInnes v. John,* 184 Wash. 144, 49 P. (2d) 909.

A much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial. *Walgraf v. Wilkeson Coal & Coke Co.,* 65 Wash. 464, 118 Pac. 343; *McKay v. General Accident, Fire & Life Assurance Corp.,* 163 Wash. 92, 299 Pac. 987. We think that the case presented was, in fact, one where the sound discretion of the trial court was properly invoked, and that the record does not disclose any abuse of discretion by the court.

Appellant also contends, in this connection, that respondent was guilty of contributory negligence, as a matter of law, in failing to look to the south after she left the curb.

An ordinance of the city of Spokane provides that pedestrians shall have the right of way at street intersections and crossings, and that it shall be the duty of the driver of any vehicle to keep continuously in mind the rights of pedestrians thereat, and to slow down the vehicle driven by him whenever necessary in order to accord the right of way to the pedestrian.

Whether a pedestrian, who before crossing a street at a regular street crossing looks for traffic but fails to look again after starting to cross, is guilty of con-

tributary negligence, depends on many circumstances and conditions, such as the amount of traffic, the distances of approaching vehicles, the necessity of observation in other directions, the existence of statutes or ordinances giving pedestrians the right of way, and other elements. The question is ordinarily one that must be decided as a question of fact, and not as a matter of law. *Olsen v. Peerless Laundry Co.,* 111 Wash. 660, 191 Pac. 756; *Woodbury v. Hoquiam Water Co.,* 138 Wash. 254, 244 Pac. 565; *Hoover v. Moen,* 150 Wash. 8, 272 Pac. 50; *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771.

Under the variety and play of circumstances such as were present in this case, the question of contributory negligence became one of fact to be submitted to the jury and not to be disposed of as a matter of law by the court.

The order will be affirmed.

MILLARD, C. J., MITCHELL, GERAGHTY, and TOLMAN, JJ., concur.