[No. 8446. Department One. November 16, 1909.]

HALLIDIE MACHINERY COMPANY, *Respondent*, v. HAYDEN-COEUR D'ALENE IRRIGATION COMPANY *et al.*, *Appellants*.[1]

APPEAL—DISMISSAL—DAMAGES ON DISMISSAL. Damages will not be granted because of the taking of an appeal for delay only, under Bal. Code, § 6522, upon confession of a motion to dismiss and failure to prosecute the appeal, where the record is not brought up and there is nothing further to show that the appeal was taken only for delay; it not being the practice to allow other than statutory costs or any special allowance for attendance.

Motion to dismiss an appeal, filed in the supreme court October 28, 1909. Granted.

*B. B. Adams*, for appellants, cited: 13 Cyc. 37; *Walter v. Maresch*, 3 Wash. 624, 29 Pac. 205; *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; *Wheeler v. Commercial Inv. Co.*, 22 Wash. 546, 61 Pac. 715.

*Post, Avery & Higgins*, for respondent.

PER CURIAM.—Motion to dismiss the appeal, for affirmance of the judgment, and for damages upon the ground that the appeal has not been diligently prosecuted and was taken merely for delay.

The appellants confess the motion to dismiss and affirm, but resist the motion for damages. The only record before us is the motion and an affidavit showing the appeal was perfected June 12, 1909, and that no subsequent steps have been taken by appellants. The affidavit also sets forth that respondent has obligated itself to pay an attorney fee of $100 on this appeal; that $40 must necessarily be expended in attendance upon the court for the purpose of this motion, and that appellant has been damaged in the sum of $200 by the annoyance, inconvenience, and delay of the appeal.

[1]Reported in 105 Pac. 140.

Doubtless every appeal is a matter of annoyance, inconvenience and delay to the prevailing party. The provision of the statute, Bal. Code, § 6522 (P. C. § 1070), authorizing this court to award damages when satisfied by the record that the appeal was taken for delay only, presupposes by its terms that the delay will be manifested by the record itself. We have here no record except the motion and affidavit. We cannot assume, the only present fact being no steps subsequent to the giving of notice of appeal and filing bond, that the appeal was taken for delay merely. Many reasons might exist why further proceedings were not had. We think, therefore, the record must disclose something other than lapse of time and the annoyance incident to every appeal. It has not been the practice in this court, upon dismissal of appeals, to allow other than the statutory costs, which include an attorney's fee. We are not disposed to increase the fee so provided in the statute. Neither do we care to adopt a practice of granting a special allowance for attendance upon the court.

The motion to dismiss and affirm is granted; that for damages is denied.