[No. 14080.    Department One.    October 16, 1917.]

ROY SHANKS, *Respondent*, v. OREGON-WASHINGTON RAILROAD
& NAVIGATION COMPANY, *Appellant*.[1]

DAMAGES — LOSS OF EARNING POWER — DEFENSES—INSTRUCTIONS.
In an action for personal injuries, resulting in alleged loss of earn-
ing power, an instruction that plaintiff's excessive use of intoxicat-
ing liquors could not be considered on that issue is erroneous as
withdrawing from the jury the defense that plaintiff's loss of earn-
ing power was due to his excessive use of intoxicating liquors after
the accident.

TRIAL—INSTRUCTIONS—DUTY OF JURY.    It is proper to instruct
that the jury should not be influenced by any feeling or prejudice
or sympathy for or against either party and that a corporation was
entitled to the same treatment in court as a private individual in
like circumstances.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered November 22, 1916, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by a section hand through the
derailment of a hand car.    Reversed.

*A. C. Spencer, Richards & Fontaine*, and *Hamblen & Gil-
bert*, for appellant.

*Snively & Bounds*, for respondent.

MAIN, J.—The purpose of this action was to recover dam-
ages for personal injuries.    The trial of the cause resulted in
a verdict and judgment in favor of the plaintiff in the sum of
$1,000.    The defendant appeals.

The facts are these:    On the morning of February 28,
1916, the respondent, in company with the other members of
a section crew and the foreman thereof, was proceeding on
a hand car over the track of the defendant for the purpose of
repairing a broken rail in the vicinity of North Prosser,
Washington.    While en route, the hand car was derailed, and

[1]Reported in 167 Pac. 1074.

the respondent was thrown therefrom and injured.   One of the elements for which damages were sought was loss of earning power, or inability to labor subsequent to the accident. In the amended complaint, which was filed on the 27th day of September, 1916, there is the following allegation relative to the respondent's inability to perform labor:

"That he has been entirely unable to perform any labor whatsoever since his said injuries on February 28th, 1916, and that he is still unable to perform any labor of any kind whatsoever; that his wages are of the reasonable value of $2.50 per day; . . ."

Upon the trial, the evidence of certain of the appellant's witnesses tended to show that the reason why the respondent had performed little or no work subsequent to the accident was because of his excessive use of intoxicating liquor.   In submitting the cause to the jury, the trial court concluded instruction No. 9, which is too long to be here set out in full, with this sentence:

"The fact, if it be a fact, that after the accident the plaintiff was addicted to the excessive use of intoxicating beverages you must not consider for any purpose whatsoever except in deciding the question whether or no he was addicted to intoxication at the time of the accident."

The effect of this instruction was to withdraw from the consideration of the jury the evidence given by appellant's witnesses which tended to show that the respondent's failure to work subsequent to the accident was due to intoxication and not to the effects of the injury.   The giving of the instruction is one of the errors assigned.   If, after the accident, the respondent's failure to engage in a gainful occupation was due to the excessive use of intoxicating liquors, it was proper for the jury to consider this fact as bearing upon the amount of damages which he would be entitled to for the loss of wages or earning power.   If the lack of capacity to work was due to intoxication and was not the result of the injury, obviously the respondent would not be entitled to recover for

an element of damages which was the result of his own fault. *Ceresola v. Joseph F. Paul Co.*, 224 Mass. 395, 113 N. E. 358; *Boggess v. Metropolitan St. R. Co.*, 118 Mo. 328, 23 S. W. 159, 24 S. W. 210.

In the case last cited, it was said:

"The acts of the plaintiff tending to enhance the injury are admissible in evidence to reduce the amount of the damages under the general issue, whether considered as in mitigation or as a rule of limitation of damages, . . ."

The withdrawal from the consideration of the jury of the evidence which tended to show that the reason why the respondent did not perform labor subsequent to the injury was due to his habits of intoxication was prejudicial error, and for this reason, the judgment must be reversed.

Error is also assigned upon the failure of the court to give an instruction which in effect told the jury that they should not be influenced or controlled, in arriving at a verdict, by any feeling or passion, prejudice or sympathy for or against either party to the cause, and that it was their duty to consider the case in all its bearings the same as they would a case between two natural persons, and that the appellant, a corporation, was entitled to the same treatment in court as a private individual would be under like circumstances. Upon this instruction is a notation, apparently indorsed by the trial court, that it is:

"Contained in other instructions actually given—not given in these words."

A careful reading of the instructions as given discloses that the instruction was neither given in form nor in substance. The failure to give it was undoubtedly an inadvertence. The instruction requested was a correct statement of the law (*Chicago & E. I. R. Co. v. Burridge*, 211 Ill. 9, 71 N. E. 838), and is one which trial courts generally give when requested. While the instruction was a proper one to be given and, upon a retrial of the cause, will doubtless be given if requested, it is unnecessary here to determine whether the fail-

ure to give it in this case was reversible error, because, as already pointed out, the record furnishes another reason which requires reversal.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.