[No. 22734. Department One. May 26, 1931.]

A. V. JOLY, *Respondent*, v. R. M. MELLOR, *doing business as System of Painless Dentistry, et al., Appellants.*[1]

*V. A. Montgomery, James R. Gates,* and *Groff & Moran,* for appellants.

*Mark M. Litchman,* for respondent.

[1]Reported in 299 Pac. 660.

MITCHELL, J.—This is a malpractice case brought by A. V. Joly against R. M. Mellor, a duly licensed dentist, and one of his employees, Hugh Campbell, who was not a licensed dentist. The complaint, in substance, alleged that, on December 22, 1928, the plaintiff visited the dentist's office to have his teeth examined and cleaned. That he was waited on by defendant Campbell, an employee of defendant Mellor. That Campbell was unskilled, and without a license to practice dentistry, which was unknown to plaintiff until after he was injured by Campbell's treatments.

That, on examination of plaintiff's teeth, Campbell advised him to have a certain one of them taken out. That, as a matter of fact, the tooth was in good condition, but, relying on the advice of Campbell, plaintiff had the tooth extracted by Campbell, who performed the operation in such a negligent manner that an adjoining tooth was badly injured. That, in preparing him for the operation, another unskilled, unlicensed employee of Mellor, working with and assisting Campbell, and by and under Campbell's direction, negligently injected an anaesthetic into plaintiff's gums. That, as a result of such negligence, infection set in, of which complaint was made to defendants a number of times, but no relief was given to him by them or either of them. That, about a month after the operation just referred to, the tooth injured in the operation of December 22 was extracted in defendant's office upon the advice of defendant Campbell.

That, on account of defendant's negligence in the operations, and their subsequent unskillful care of plaintiff, the infection spread and continued about plaintiff's mouth, throat, and neck, necessitating one major and other operations, resulting in considerable pain and suffering that still continued.

The separate answer of Mellor admitted that he was engaged in business as a dentist and that, on December 22, 1928, defendant Campbell was employed by him at his office, but not as a practicing dentist; that, under the advice of the defendant Mellor, the plaintiff had a tooth removed on December 22, 1928, and another one on February 22, 1929, and denied each and all other allegations of the complaint. He then set up an affirmative defense charging the plaintiff with contributory negligence. The separate answer of Campbell was to the same general effect. The affirmative answers were denied by the plaintiff.

The trial of the case to a jury resulted in a verdict for the plaintiff, upon which, upon its being somewhat reduced by the court, to which plaintiff consented, a judgment was entered against both defendants, from which they have appealed.

Three assignments of error present the question of the sufficiency of the evidence to sustain a verdict and judgment for the plaintiff. It was admitted on behalf of the appellants that Campbell was not licensed to practice dentistry. Upon other material issues of fact, there was a direct conflict in the testimony. The respondent testified that Campbell extracted the tooth on December 22, and that the anaesthetic used in that operation was administered under Campbell's direction by another employee of the office who was not a licensed dentist. On behalf of the appellants, the testimony tended to show that Dr. Mellor, himself, extracted the tooth, and that the anaesthetic was administered properly under his direct supervision.

Further, there was substantial testimony on behalf of the respondent tending to show that the first tooth was sound and needed no particular attention; that, in removing that tooth, the one next to it was negligently

injured so that it had to be taken out within a few weeks; that the method of administering the anaesthetic for the first operation was not proper or approved; that the wound caused by the removal of the tooth was not properly treated, thus permitting infection to take place, which continued without being skillfully cared for by the appellants, thus causing very considerable expense, pain and suffering.

On the contrary, while appellants admitted that the second tooth was extracted, their proof tended to contradict all the rest of respondent's contentions, including the care he received at their hands. As to the expense, pain, and suffering respondent claimed to have suffered, appellants introduced proof tending to show that the same was caused by his failure to comply with advice given to him.

Under these circumstances, the case was, in our opinion, one for the jury.

The next two assignments question the correctness of two instructions to the jury as follows:

"Under the law of this state it is unlawful for any person to practice dentistry in this state unless he has been duly licensed so to do, and it is further made unlawful for any licensed dentist or the owners, operator or manager of any dental office to employ or permit any person not regularly licensed to practice dentistry, to practice the same in his office or under his control."

"You are instructed that an act done in violation of the law of the state is in itself negligence, and if such violation is the proximate cause of an injury to another, the violator of such law is liable for such injury, unless the injured party was at the time guilty of negligence which proximately contributed to his injury."

In their brief, appellants associate these two instructions immediately together, and the gist of their argument against them, using their own language, is: "This instruction tells the jury that if they find that Camp-

bell practiced dentistry upon the plaintiff that plaintiff is entitled to recover."

In this case, all of the instructions given to the jury were distinctly paragraphed and separately numbered. The two complained of here are separated by another instruction, which fully defined what the negligence of a dentist consists of.

As to the first of these instructions complained of, there is no claim that it is wrong of itself, only that it was not appropriate. But, in our opinion, it was entirely proper from respondent's side of the case. There was no dispute that Campbell was not licensed to practice, nor was there any doubt that Mellor, the other defendant, knew that Campbell was not licensed; and whether or not Campbell did practice dentistry on the respondent was a question of fact for the jury. This instruction speaks of its being unlawful to practice dentistry without a license, and also of its being unlawful for a licensed dentist to employ an unlicensed dentist to practice in his office. Under respondent's evidence, both of these things had happened, to his damage and expense. The instruction was correct, appropriate, and helpful in the consideration of the surroundings, facts, and circumstances of the case.

As to the other instruction complained of, counsel, we think, are unreasonably critical of its meaning. By no means can it be well said, as counsel contend, that, by the instruction, the jury was told that, if Campbell practiced dentistry, the plaintiff was entitled to recover. That view necessitates a complete obliteration, or oversight, of the vital portion of the language that the act done in violation of the law shall be "the proximate cause of an injury to another." Possible inaptness of the language employed in the instruction should not be disturbing, when we come to inquire if there was reversible or substantial error.

No doubt the jury, consisting of persons of average intelligence and experience, understood, as manifestly it was intended they should understand, that the kind of act contemplated by the instruction was operative and performed by a person who at the time was violating the law, such as a dentist practicing without a license, and, further, that the act thus performed was the proximate cause of the injury on account of which the suit was brought. In other instructions, the jury was fully advised upon the several matters of what constituted the practice of dentistry, the burden of proof, negligence and proximate cause of an injury, all of which were satisfactory to both sides—at least they do not say otherwise. All of the instructions given in the case must be considered together—each one having a bearing upon all others. The jury in this case was so told, as follows: "You shall consider the instructions as a whole, and not pick out any particular instruction and place undue emphasis on such instruction." In our opinion, the instructions complained of do not justify a finding or conclusion of error, or give any occasion for substantial complaint.

The final assignment of error is that the verdict was excessive. In addition to the jury's consideration of this matter, the trial judge gave it particular attention. The jury and the judge had the advantage of not only seeing and hearing the witnesses, but also observing the evidences of the past and present suffering of the respondent. We have examined the testimony in this respect and, upon full consideration of the record with reference to it, we find no error.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.