[No. 25243. Department One. May 3, 1935.]

GAILE MACDONALD, *a Minor, by A. J. MacDonald, Her Guardian ad Litem, Respondent,* v. JOE GILLIO, *Defendant,* OREGON PRODUCE COMPANY, *Appellant.*[1]

*Ballinger, Hutson & Boldt,* for appellant.

*Oscar G. Heaton, J. Speed Smith,* and *Henry Elliott, Jr.,* for respondent.

GERAGHTY, J. — This action was brought by the respondent against Joe Gillio, co-defendant below, and appellant Oregon Produce Company, a corporation, to recover for personal injuries sustained on May 10, 1933, when a truck owned and operated by Gillio collided with an automobile in which respondent was rid-

[1] Reported in 44 P. (2d) 783.

ing, resulting in the injuries complained of. The complaint alleged that, at the time of the injury, Gillio was engaged in the business of the Oregon Produce Company as its agent and employee. Gillio and the appellant appeared in the action by separate answers, both denying that Gillio was appellant's employee or agent. Trial to a jury resulted in a verdict for respondent against both Gillio and the Oregon Produce Company. The Oregon Produce Company alone is appealing from the judgment.

Motions for directed verdict and for judgment notwithstanding the verdict were made by appellant and denied by the court. The sufficiency of the evidence to take the case to the jury on the question of Gillio's agency for the appellant is the only issue involved on this appeal.

Shortly before the date of the accident, Gillio acquired a truck and engaged in the business of peddling fresh vegetables to retail stores in the city of Seattle. Prior to this, he had been employed by various produce merchants in the wholesale produce district of Seattle and had become acquainted with one Church, who was sales manager and part owner of the appellant corporation, recently organized to engage in the wholesale produce business in the city.

Gillio testified that, through his acquaintance with Church, he entered into an arrangement with the appellant for the purchase from it of his daily supply of fresh vegetables. The custom of the appellant was to require cash on delivery of its merchandise, but, as Gillio was without sufficient funds, an arrangement was had whereby he would procure his supply from the appellant in the morning and pay for it in the evening of the same day or the next morning.

Gillio also knew Thomas E. Henebery and Gerald P. Milliken, each of whom managed an Eba Mutual Gro-

cery store in Seattle, stores operated by a chain organization. He solicited custom from Henebery and Milliken, and they engaged to purchase from him such of his vegetables as met their requirements. However, under the rules of their organization, they were not permitted to pay out cash for their purchases, but invoices were sent in to the central office and payment made by check from that office. Gillio explained the situation with respect to these prospective customers to the appellant's sales manager, and it was agreed that he could turn in to the appellant, as the equivalent of cash, invoices for produce sold to the two Eba stores. The central office of the Eba stores issued checks to the appellant for the amounts reported by the two stores as having been purchased from Gillio.

It appears from the evidence that the first sales made to the two Eba stores under this arrangement were on May 9, 1933, the day preceding the day of the accident. There are no invoices indicating any delivery to the Eba stores on the day of the accident. Gillio owned his own truck, was paid no salary by the appellant nor any commission, as far as appears from the record, and he had many customers in addition to the two Eba stores.

While we have gone into the facts in some detail for the purpose of picturing the general relation of the parties, the immediate issue before us must be decided upon the case made by the respondent.

■ In passing upon the sufficiency of the evidence to take the case to the jury, as we have often said, there is no element of discretion. The court can withdraw the case from the consideration of the jury only where it can be said, as a matter of law, that there is no evidence, or reasonable inference, to sustain a finding of the fact in issue.

■ The respondent made her case in chief by call-

ing Gillio, Henebery and Milliken, the Eba store managers, and Chesley M. Cook, accountant for the Eba company, as witnesses. Gillio testified that, in May, 1933, he was a peddler in Seattle and "went around peddling to different stores with a truck;" that he owned the truck. During that time, he bought his produce from the appellant. He peddled in Seattle during the month of May. After May, the Seattle business not proving profitable, he engaged in peddling at Port Angeles with one Guy Backer, buying his produce from the appellant as well as other wholesale merchants. After July 1st, he was regularly employed by appellant, receiving a stipulated wage for his time and the use of his truck. On the morning of the accident, his truck was loaded, and he was on his way out to see his trade.

Henebery testified that he began purchasing vegetables from Gillio about May 1, 1933; that he did not pay Gillio in cash for the vegetables, but was given memorandum slips showing the amount of the purchase, and these were sent in the evening to the main office. He did not know who was paid for the purchases by the main office; the payment was taken care of there; that his dealings with Gillio "have continued in the same way from the first of May, 1933, to the present time;" that he knew Gillio had worked for another commission merchant; that Gillio had at no time represented to him that he was working for the appellant.

By the rules of the Eba company, he was not allowed to pay out cash on perishable vegetables. It was for that reason that the slip arrangement was made. The slips were given to him for the purpose of keeping a record of what he owed Gillio. He was not interested in where Gillio got his produce. He never directly ordered anything from the appellant. He called the ap-

pellant by telephone only to inquire if Gillio was there; he took it for granted that he could be found at appellant's place of business; "nothing was said about that he was with the Oregon Produce Company; nothing said about that. With me, he was alone."

Milliken's testimony was substantially to the same effect.

Cook, the accountant, testified that the bills from the various stores for supplies of goods were sent to him for payment. He identified invoices for vegetables purchased by the Eba stores from Gillio from May ninth to seventeenth; he identified a check issued by his company to the appellant covering the invoices. Since that time, his concern continued to purchase produce from the appellant. The Eba stores had no transaction with the appellant prior to May 9th. There is no slip or record of any sale made to Eba stores by Gillio on May 10th, the day of the accident, nor of any order for produce to be delivered that day. Some of the invoice slips were regular forms of the Oregon Produce Company; others, the Farmers Produce Company; and other forms had no name. On the Farmers Produce Company slips a line was drawn through "Farmers Produce" and "Oregon Produce" written above in pencil.

This was the respondent's *prima facie* case upon the issue of Gillio's agency. Conceding, for the purpose of this case, that the evidence of Gillio's dealings with the Eba stores—the invoices and the manner of payment to appellant—unexplained, warrant the inference of agency, and that the jury was not required to believe the testimony of appellant's witnesses offered in explanation, we are yet unable to see in this course of dealing between Gillio and the Eba stores a state of facts warranting the further inference that Gillio was in the general employ of the appellant. He had been

engaged in peddling since the first of May, and had numerous other customers upon whom he called. As we have heretofore said, he made no deliveries to the Eba stores on the day of the accident, and had received no orders for delivery. He was not on his way to either of the stores when the accident occurred. Other than the invoices and payment to appellant by Eba checks, there is no evidence of his employment by appellant. It is admitted he owned his own truck; he received no salary, no commission; and it was not claimed that he took any orders for appellant.

The respondent emphasizes the fact that Gillio was permanently employed by the appellant after July 1st, but this fact would not be evidence of employment at the time of the accident. The respondent also emphasizes the testimony of Eba company employees that they continued to do business with the appellant after the accident, as before; but this fact does not strengthen her case, because the testimony relates only to the transactions of the Eba stores and does not raise any inference that the relation of the appellant to his other customers at the time of the accident was of a like character.

We are clear that the evidence in the case does not establish Gillio's general employment by appellant, or warrant an inference to that effect; and that the court should have withdrawn the case, in so far as it related to the appellant, from the consideration of the jury, and, not having done so, should have granted a motion for judgment notwithstanding the verdict.

The judgment against the appellant is, therefore, reversed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.