[No. 26947.   Department One.   April 7, 1938.]

JOSE GARCIA *et al., Respondents,* v. W. L. MORAN *et al., Appellants.*[1]

[1]Reported in 77 P. (2d) 988.

*Whittemore & Truscott,* for appellants.

*Geo. Olson* and *George F. Hannan,* for respondents.

SIMPSON, J.—The automobile and motorcycle collision which resulted in this litigation occurred within the intersection formed by Sixth avenue south and Airport way, in the city of Seattle. The case, tried to a jury, resulted in a verdict favorable to plaintiffs against W. L. Moran and wife. Defendants Moran have appealed, maintaining the trial court erred in the giving of one and refusing to give three certain instructions requested by them, and in denying their motion for a new trial.

The evidence favorable to respondents and which the jury were justified in believing is summarized as follows: Sixth avenue south, 46 feet wide from curb to curb, extends in a north and south direction. It is intersected at an oblique angle by Airport way, 68 feet in width from curb to curb, extending in a general northwest and southeast direction. There are two street car tracks on Airport way.

February 25, 1937, at about 11:15 a. m., respondent Jose Garcia was driving a motorcycle in a northwesterly direction on Airport way, and appellant W. L. Moran was driving a Studebaker coupe in a southerly direction on Sixth avenue south. The operators of the vehicles were the only occupants. Respondent was severely injured in the accident.

Appellant driver proceeded down Sixth avenue at about twenty-five miles per hour, cut the corner on his

left-hand side without stopping or slowing his speed, and collided with respondent at a point approximately eleven feet south of the northeast corner of the intersection. Respondent testified that he was traveling slowly along a line approximately fifteen feet from the curb on his right-hand side of Airport way and did not see appellant's car until it was very close to him, at which time he attempted to avoid the collision by turning to the left. It is admitted that the intersection is an obstructed one.

The evidence submitted on behalf of appellant showed that he entered the intersection at a speed of about fifteen miles per hour and at that time was proceeding on the right-hand side of Sixth avenue south. He intended to cross Airport way and continue south on Sixth avenue, but just after he entered the intersection he saw respondent on his motorcycle, about sixty feet away, coming from appellant's left on Airport way. The motorcycle was traveling about thirty-five miles per hour and was well away from the curb. He testified that respondent swerved left without decreasing his speed, and appellant also turned left, applied his brakes, and was at a standstill at the time of the collision.

Appellant requested the court to give the following instruction:

"If you find from a preponderance of the evidence that the defendant Moran entered the intersection at a ·time when the plaintiff was 60 or 80 feet away, and that the defendant was coming from the right, then the plaintiff was in the disfavored position, and it was incumbent upon him to yield the right-of-way unless the situation was such to clearly indicate that he could cross the intersection with a fair margin of safety, and the burden is upon the plaintiff to produce evidence of facts which would justify him in proceeding into the intersection, if you find he did so proceed."

The matters contained in the proposed instruction were included in two other instructions given by the court. Instruction No. 5 set forth the general right of way rules contained in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533. Instruction No. 9 contained the information that, where the driver has the right of way, his is the superior right to proceed. It seems to us that the matters contained in the requested instruction were properly explained and set out in the two instructions given by the court.

Another requested instruction was to the effect that the jury, in determining whether a car has the right of way under the statute giving the car on the right such precedence, should not consider fractions of seconds, and that the driver of the car on the left was not permitted to speculate as to his ability to hazard a chance to cross in front of a car approaching from his right.

We conclude, however, that this rule was included in another instruction given by the court in which the jury were told that, if the respondent did not exercise a reasonably vigilant lookout for traffic approaching from his right, such negligence would prohibit his recovery if the jury should find that a failure to exercise such reasonable care materially contributed to the collision. While this instruction did not definitely include those matters contained in the proposed instruction, it was sufficient to apprise the jury of the duty imposed upon the respondent in entering the intersection.

The question of drinking intoxicating liquor by appellant was injected into the case by the testimony of the police officer and the respondent. The police officer testified that he detected a slight odor of whisky on appellant's breath. Upon being questioned further, he said that the appellant did not show any

signs of intoxication. Respondent testified as follows in this regard:

"Well, Mr. Moran looked like he didn't see until he happened to look up and he saw me. It seemed to me like he got startled, like he got awake from thought, or something like that, see?"

In addition, appellant admitted that he had taken a few drinks the night before the accident.

The court instructed the jury as follows:

"You are instructed that the evidence in this case as to drinking does not justify a finding on your part that the defendant, Moran, was at the time of the accident in an intoxicated condition.

"You are instructed, however, that if you believe from the evidence that the defendant, Moran, had been drinking and that as a result of his drinking, either on that day or the night before, his driving was affected; then that is a circumstance which you may take into consideration if you see fit in determining whether or not he drove carelessly at the time of the accident."

On this question, the appellant proposed an instruction as follows:

"You are instructed that plaintiffs have failed to prove their allegation that the defendant, W. L. Moran, was intoxicated and under the influence of liquor at the time of the accident, and this item of alleged negligence is withdrawn from your consideration."

We can see no error in giving the instruction just mentioned, nor in the refusal to give the requested instruction. The first part of the instruction was favorable to appellant and contained the same information that was in appellant's proposed instruction. The latter part of the instruction given by the court fairly instructed the jury as to their duty if they found that appellant was driving while affected by intoxicating liquor. The action of appellant, as testi-

fied to by the respondent, and the evidence of the police officer to the effect that appellant had liquor on his breath, were admissible in evidence, and the jury were properly advised as to the law in their consideration of that evidence.

The instructions given, construed together, fairly and fully presented the case to the jury and should not be disturbed. *Joly v. Mellor,* 163 Wash. 48, 299 Pac. 660.

Appellant urges that a new trial should have been granted because of the error relating to the giving of one instruction and the refusal to give those proposed by appellant. Having found the instructions correct, we conclude the trial court's action in denying motion for a new trial was proper.

The respondent maintains that this appeal is being prosecuted for the purpose of delay only and urges upon this court the imposition of fifteen per cent damages on affirmance under Rem. Rev. Stat., § 1738 [P. C. § 7323].

Speaking of this statute in *Hallidie Machinery Co. v. Hayden-Coeur D'Alene Irr. Co.,* 56 Wash. 11, 105 Pac. 140, we said:

"The provision of the statute, Bal. Code, § 6522 (P. C. § 1070), authorizing this court to award damages when satisfied by the record that the appeal was taken for delay only, presupposes by its terms that the delay will be manifested by the record itself."

In *Ferrandini v. Bankers Life Ass'n,* 51 Wash. 442, 99 Pac. 6, the court said:

"We have always refused to award damages under this section where an appeal is prosecuted in apparent good faith, though there may be little merit in the appeal itself."

Considering the questions urged in this case by appellant, we are satisfied that they were made in good

faith and that no damages should be awarded against him.

The claim for damages is therefore disallowed, and the judgment affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.