318

DARREL K. BURGET, *by Audrey Burget, his Guardian ad Litem, Respondent,* v. SAGINAW LOGGING COMPANY *et al., Appellants.*[1]

[1]Reported in 85 P. (2d) 271.

*Shank, Belt, Rode & Cook* and *Leo J. Brand,* for appellants.

*Hogan & Adams,* for respondent.

HOLCOMB, J.—This action was brought by a minor, through his mother as guardian *ad litem,* to recover damages for personal injuries sustained by respondent by reason of a collision between a bicycle and an automobile. A trial before a jury resulted in a verdict and judgment in favor of respondent.

The following facts may be stated: The accident in question occurred at about 4:30 p. m. on May 4, 1937, on the North River road, a gravel highway about sixteen feet wide, running north and south through Vesta, a small settlement in Grays Harbor county. There are no sidewalks in that town, and the abovementioned road was used both by children and adults to go from house to house in that vicinity. It had not been raining on May 4th, and the road was dry. On the day of the accident, Talley, who will be referred to hereinafter as appellant, was engaged as an employee of the Saginaw Logging Company in the capacity of a lineman, and was called upon to attend to all the telephone wires and electric light wiring for that company.

Appellant had lived for a number of years at Brooklyn, a few miles from Vesta, and had frequently traveled over the North River road. Appellant was instructed by his employer on the afternoon in question to repair a distribution line at Blue Slough, which is near Cosmopolis, and, after he had made the necessary repairs, he departed for home via the North River road through Vesta. As appellant approached Vesta, he was driving south, and respondent, who was three years old, was riding on the cross-bar of a bicycle which was being ridden and propelled in a northerly

direction by his eight-year old brother en route to a neighbor's house. The bicycle and the automobile collided, and respondent suffered severe personal injuries. There were no eye witnesses to the collision save the parties involved therein. After respondent recovered from his injuries, he was found to be totally deaf in the right ear and slightly deaf in the left ear.

The complaint alleged that appellant was driving in excess of the lawful rate of speed, that he was so under the influence of intoxicating liquor that he did not have control of his automobile, that he was guilty of negligence in driving in such a condition, and that respondent was injured as a direct result of appellant's negligence. Appellants answered denying all of the material allegations of the complaint. The verdict being in respondent's favor, a motion for a new trial or for a judgment n.o.v. was made and denied. Judgment was entered on the verdict, and this appeal followed.

Appellants contend there was not sufficient evidence to justify the submission to the jury of the question of the intoxication of appellant.

One witness testified appellant was noticeably drunk at noon on the day of the accident, as evidenced by the fact that "his tongue was heavy and it was hard for him to talk; and his eyes, he had a sort of drunk-man's stare." This witness did not see appellant subsequently on that day. It is urged that, since about four and a half hours had elapsed from the time when this witness observed appellant's condition and the time of the accident, this testimony described a condition which was too remote.

Several witnesses testified that appellant was not under the influence of intoxicating liquor on the day of the accident.

A challenge to the sufficiency of the evidence or a

motion for nonsuit admits the truth of plaintiff's evidence and all inferences that can be reasonably drawn therefrom, interpreting it most strongly against the defendant. *Buttnick v. J. & M., Inc.*, 186 Wash. 658, 59 P. (2d) 750.

Whether appellant was intoxicated or under the influence of liquor at the time of the accident, and whether such condition, if present, was the proximate or contributing cause of the accident, are questions within the province of the jury. In the light of the evidence presented, the credibility of the testimony of the witnesses and the weight to be attached thereto were for the jury. *MacDonald v. Gillio*, 181 Wash. 673, 44 P. (2d) 783; *Ahrens v. Anderson*, 186 Wash. 182, 57 P. (2d) 410; *Lienhard v. Northwestern Mutual Fire Ass'n*, 187 Wash. 47, 59 P. (2d) 916.

Appellants also insist that the giving of instruction No. 17 constituted prejudicial error. This instruction was predicated upon Rem. Rev. Stat., Vol. 7A, § 6360-119 [P. C. § 2696-877], which provides:

"It shall be unlawful for any person to operate any vehicle upon the public highways of this state while under the influence of or affected by the use of intoxicating liquor. . . ." Laws of 1937, chapter 189, p. 910, § 119.

The instruction stated, in substance, that the violation of this statute is negligence in itself. This court has long been committed to the rule that the violation of the positive mandate of a statute constitutes negligence *per se*, in the absence of an emergency or some exculpatory circumstances, but no such extenuating factors can be said to be present here. *Metcalf v. Mud Bay Logging Co.*, 170 Wash. 59, 15 P. (2d) 278; *Schatter v. Bergen*, 185 Wash. 375, 55 P. (2d) 344.

If the condition of intoxication was established, then the only remaining question was whether the existence

of that condition was the proximate cause of the collision. In the instructions to the jury, the trial court defined proximate cause; the jury was instructed that the burden of proof is upon respondent to establish by a fair preponderance of the evidence that appellant was negligent in the manner and way alleged by respondent at the time and place of the accident; and that such negligence, if any, was the proximate cause of the injuries received by respondent.

The instructions given, considered collectively, correctly set forth the law on the question of driving negligently while under the influence of intoxicating liquor. *Garcia v. Moran*, 194 Wash. 328, 77 P. (2d) 988.

Finally, appellants complain that the giving of instruction No. 13, to the effect that the rights of appellant and respondent are exactly equal, was improper. The instruction continued with an admonition to the jury not to be influenced by passion, prejudice, or sympathy, but to determine the issues of fact from a fair, candid, and impartial consideration and weighing of all of the testimony and evidence in the case.

It is manifest that this instruction was given for the express purpose of instructing the jury to consider and weigh the evidence dispassionately and to accord to appellant company the same consideration as to an individual under like circumstances, and we think it was proper. *Shanks v. Oregon-Washington R. & Nav. Co.*, 98 Wash. 509, 167 Pac. 1074; *Lindsey v. Elkins*, 154 Wash. 588, 283 Pac. 447; *Curtis v. Perry*, 171 Wash. 542, 18 P. (2d) 840.

Finding no error either in the instruction or the record, the judgment is affirmed.

STEINERT, C. J., MAIN, BLAKE, and ROBINSON, JJ., concur.