[No. 29930.    Department One.    July 6, 1946.]

G. F. CARTLEDGE et al., Appellants, v. GEORGE ALLEN et al., Respondents.[1]

M. E. Mack, for appellants.

H. Earl Davis, for respondents.

MILLARD, J.—An automobile owned by plaintiffs and operated by plaintiff wife collided March 9, 1945, within the intersection of Diamond avenue and Lacey street in the city of Spokane, with defendants' automobile, which was operated by defendant wife. Plaintiffs brought this action to recover for damages to their automobile and for personal injuries to plaintiff wife resulting from the collision. By cross-complaint, defendants sought recovery for damages to their automobile.

[1]Reported in 170 P. (2d) 660.

The cause was tried to a jury, which found that each of the operators was guilty of negligence which contributed to and was a proximate cause of the collision. Plaintiffs' motion for a new trial was denied, and judgment was entered on the verdict denying recovery to the plaintiffs and to the defendants. Plaintiffs appealed. There is no cross-appeal by defendants.

The course of Diamond avenue, which is paved with blacktop, is east and west. The course of Lacey street, which is dirt and gravel surfaced outside the intersection in question, is north and south. This street, which is thirty-seven feet wide, and avenue, which is fifty feet wide, intersect each other at right angles. There are no stop signs at this intersection. Appellants' automobile, proceeding north on Lacey street and into the intersection at a speed ten miles in excess of the lawful rate of speed, collided within the intersection with respondents' automobile, which was proceeding east on Diamond street at an unlawful rate of speed. Respondents' automobile followed a bus for a distance of two blocks prior to arriving at the intersection of Lacey street with Diamond avenue. After the bus stopped, respondents' automobile proceeded around the bus for the purpose of crossing Lacey street.

Appellants, whose automobile had the right of way, testified that the operator of their automobile could not see respondents' automobile because of the bus which traveled in front of respondents' automobile all the way to Lacey street, and, when respondents' automobile turned to the left of the bus to permit passengers to alight therefrom, the bus prevented the operator of appellants' automobile from seeing respondents' automobile until after it had reached the intersection, and then only for an instant prior to the impact. Two disinterested witnesses, the operator of the bus and a passenger on that vehicle, testified that they had a clear view of appellants' automobile as it came into the intersection, and that that automobile was not slowed but continued into the intersection at the same speed at which it was traveling when it arrived at the intersection.

■ Appellants assign as error the giving of certain instructions, but, as proper exceptions were not taken thereto, those instructions became the law of the case.

■ Instruction No. 6, to which no exception was taken, correctly charged the jury that, if the operator of appellants' automobile was guilty of negligence which was a proximate cause of the collision, such contributory negligence would bar recovery by appellants from respondents. The jury was also correctly instructed respecting the question of negligence of respondents, which would bar recovery on their cross-complaint.

■ We have consistently held that, in the absence of a challenge to the instructions or failure to propose additional instructions, it will be conclusively presumed that the court correctly instructed the jury on questions of fact which are foreclosed by the verdict.

■ The evidence amply sustains the verdict of the jury that appellants are not entitled to recover because of the negligence of the operator of appellants' automobile, which was a proximate cause of the collision. Any question as to respondents' negligence is foreclosed as respondents did not cross-appeal.

The judgment is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.

September 6, 1946. Petition for rehearing denied.