[No. 31298. June 15, 1950.]

CHARLES BATTEE *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*Riddell, Riddell & Hemphill* and *John F. Evich,* for respondents.

PER CURIAM—Plaintiffs instituted this action for the purpose of recovering damages for injury to their property caused by an act of the city of Seattle. The cause tried to court and jury resulted in a verdict in favor of defendant city. Plaintiffs presented a motion for new trial, which was granted. The pertinent portion of the order read:

"IT IS FURTHER ORDERED that the Plaintiffs be, and they hereby are, granted a new trial in this cause on the ground that the verdict was contrary to the weight of the evidence, & on no other ground."

The sole assignment of error is that "the court erred in granting a new trial."

In the recent case of *Coppo v. Van Wieringen, ante* p. 120, 217 P. (2d) 294, it was held that this court would not disturb the action of a trial court where it had granted a new trial upon the ground that "the evidence is not sufficient to sustain the verdict, or that the verdict is against the weight of the evidence."

[1] Reported in 219 P. (2d) 117.

Based upon that case, we affirm the order of the trial court.

SIMPSON, C. J. (dissenting)—I cannot allow this opinion to go unchallenged. In the first instance, we are bound by the provisions of Art. IV, § 4 of our state constitution to exercise appellate jurisdiction. In refusing to review the action of the trial judge in this case, we fail in our duty as outlined by the constitution. In the second place, the holding in this and the cited case is not consistent with other rules laid down by this court.

In the case of *Angel v. McKales,* 34 Wn. (2d) 912, 210 P. (2d) 812, we reaffirmed a rule which has been followed from the time this court was instituted. In that case, the plaintiff presented his case to the jury, after which the defendant challenged the sufficiency of the evidence and moved for a dismissal of the action. The trial court granted the motion. In passing upon the question, Judge Robinson, speaking for the court, stated:

"The questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact which the jury was empaneled to answer by weighing the evidence, and could not properly be resolved by the trial judge."

Again, in *Rumford v. Snider,* 31 Wn. (2d) 431, 197 P. (2d) 446, this court upheld the trial court in instructing the jury as follows: " 'You are the exclusive judges of all questions of fact in this case.' "

Other cases which uphold the rule that it is the province of the jury to judge the credibility of the witnesses and the weight to be given to the evidence, are: *Nearhoff v. Rucker,* 156 Wash. 621, 287 Pac. 658; *Sauers v. Mutual Benefit Health & Acc. Ass'n,* 187 Wash. 262, 60 P. (2d) 103; *Burget v. Saginaw Logging Co.,* 197 Wash. 318, 85 P. (2d) 271; *Keller v. Seattle,* 200 Wash. 573, 94 P. (2d) 184; *Wiggins v. North Coast Transp. Co.,* 2 Wn. (2d) 446, 98 P. (2d) 675; *Erickson v. Barnes,* 6 Wn. (2d) 251, 107 P. (2d) 348; *Graham v. Police & Firemen's Ins. Ass'n,* 10 Wn. (2d) 288, 116 P. (2d) 352; *Dupea v. Seattle,* 20 Wn. (2d) 285, 147 P. (2d) 272; *Hastings*

*v. Department of Labor & Industries,* 24 Wn. (2d) 1, 163 P. (2d) 142.

Another reason for disagreement, and it is a sound one, is that the holding quoted in the majority opinion was dicta, in that the question of the right to grant a new trial on the ground that "the verdict" was "against the weight of the evidence" was not before the court in that case. The question presented there was whether this court could review an order granting a new trial "on the grounds that substantial justice has not been done and that the verdict is inadequate." The situations in this and the cited case are so entirely different that the cited case is no authority for the conclusion arrived at here.

July 25, 1950.   Petition for rehearing denied.