[No. 34381. Department One. February 13, 1959.]

GEORGE F. HANNAFORD, *Appellant*, v. A. J. HORNBY *et al.*,
*Respondents.*[1]

*Brodie & Fristoe* and *Albert & Andrews*, for appellant.

*Hull, Armstrong & Vander Stoep*, for respondents.

HUNTER, J.—This is an appeal from a judgment on a jury verdict in an action for damages and personal injuries resulting from an automobile collision.

[1] Reported in 335 P. (2d) 473.

On the evening of March 19, 1956, between 6:30 and 7:00 o'clock, the plaintiff was driving his car in a westerly direction on the White Pass highway, being state primary highway No. 5, about six miles west of Randle in Lewis county. The defendant A. J. Hornby was approaching the plaintiff from a westerly direction. The road at this point was straight and practically level for half a mile or more, and the posted speed limit was sixty miles an hour. It was dark, the weather was misty and the highway was damp.

The defendant, intending to turn into the private driveway of one Mr. Shaeffer on the north side of the road to pick up his wife, testified he observed the lights of plaintiff's car, which he believed to be about nine hundred or fifteen hundred feet up the highway. In turning across the left lane, he had some difficulty in locating the driveway and straightened up his car for about eighteen feet to approximately the entrance when the collision occurred.

Plaintiff brought this action against defendants Hornby and his wife alleging, among other acts, that Hornby was negligent in failing to yield the right of way. The defendants answered, denied the allegations of the complaint and by way of affirmative defense, alleged contributory negligence on the part of the plaintiff. Defendants also cross-complained, seeking damages to their automobile, in the amount of three hundred and fifty dollars, alleging that the proximate cause of the collision was the excessive speed of the plaintiff's car, which deceived Hornby into making the turn. All of this was denied by the plaintiff in his reply.

At the conclusion of the trial, the jury brought in a verdict for the defendants, without recovery on their cross-complaint. Plaintiff has appealed. No appeal was taken from the verdict on the cross-complaint.

The appellant has made twelve assignments of error which may be considered under his contentions.

The appellant first contends that the trial court incorrectly instructed the jury on the duty of care of A. J. Hornby (hereinafter referred to as respondent), by applying the rules governing intersection cases, as announced in *Martin*

*v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533 (1930), citing *Glick v. Ropes,* 18 Wn. (2d) 260, 138 P. (2d) 858 (1943), wherein we held that the rule of the *Hadenfeldt* case did not apply to the entrance of a private roadway off a state highway.

The respondent, however, asserts this contention is moot since the negligence of the respondent is inherent in the jury's verdict, and there being no appeal therefrom, any further consideration of the respondent's negligence is foreclosed, citing *Cartledge v. Allen,* 25 Wn. (2d) 300, 170 P. (2d) 660 (1946).

We agree. The jury having determined the respondent's negligence, any further consideration of the instructions relating to respondent's duty of care is now irrelevant and avails the appellant nothing.

Appellant contends, however, that the issue of deception submitted to the jury, included in the fourth paragraph of the rule of the *Hadenfeldt* case, *supra,* was prejudicial to the jury's fair consideration of the issue of appellant's contributory negligence. We fail to see how the appellant has been prejudiced. The deception instruction, in itself, contains no duty of care imposed upon the appellant, nor does it by inference contain any additional burden of care upon the appellant, which was not otherwise fully set out in the court's instruction on speed. It is an exception to the right-of-way rule, which, when applicable, allows the disfavored driver on the left to proceed, where, but for the deception, he would be negligent in proceeding. The jury here, under the instructions given, by its verdict necessarily found that there was no deception; otherwise the respondent would have been absolved from negligence in making the left-hand turn into the private driveway.

The appellant finally contends that the court erred in failing to grant his motion to take the issue of intoxication from the jury, in that there was insufficient evidence of his drinking to permit the jury to do more than speculate upon his driving being affected thereby, citing *Burget v. Saginaw Logging Co.,* 197 Wash. 318, 85 P. (2d) 271 (1938);

*State v. Hurd*, 5 Wn. (2d) 308, 105 P. (2d) 59 (1940); and *White v. Peters*, 52 Wn. (2d) 824, 329 P. (2d) 471 (1958).

A review of the testimony which the jury was entitled to believe discloses that the appellant was in the city of Packwood in the afternoon attending a timber sale with one Bronson J. Lewis and Joe Smathers. They left Packwood at five o'clock p.m., enroute for Randle, seventeen miles to the west. Upon their arrival, they stopped in front of the Mt. Adams Cafe where the appellant, while in the car, had two drinks of straight whisky out of a bottle. The appellant then had a bowl of soup in the cafe, and thereafter accompanied Mr. Lewis to his room in the Mt. Adams Motel, one or two miles out of Randle. Intoxicating liquor was served in the Lewis room. Appellant testified in his pretrial deposition that ". . . we had, I'd say two drinks, I believe . . ." in the room. When confronted with this statement at the trial, he responded "I would not answer for sure." Lewis, who had two drinks, testified on cross- examination "I am not in a position to say 'No, the man [appellant] was absolutely sober, . . .'" On further cross-examination, he stated:

". . . I didn't say I knew he was drinking. I stated I did not see Mr. Hannaford—personally see Mr. Hannaford taking any drinks. I do not recall him having any drinks in the motel. I did, however, state that there was alcohol in my motel room and if he wished to, he could have had some, so I couldn't truthfully say *and I don't intend to say that Mr. Hannaford was absolutely sober.* . . ." (Italics ours.)

The appellant then left the motel unaccompanied and proceeded westerly toward Morton. The scene of the accident was about five or six miles from his point of departure. Respondent testified that immediately prior to the accident his automatic left-turn signaling device had been on for two hundred feet. Mr. Shipley, who was following the respondent, testified that the appellant was traveling ninety miles per hour, and that he slammed on his brakes when he was approximately one hundred feet away from respondent's car. Respondent testified there was a strong odor of alcohol

on appellant's breath immediately after the collision, and Ed Stanich, deputy sheriff, testified that he detected an odor of alcohol on appellant's breath at the hospital after the accident. We have not overlooked the fact that the two drinks the appellant stated, in his pre-trial deposition, that he had taken at the motel is not substantive testimony, but his evasiveness when confronted with this statement at the trial entitled the jury to question his credibility in considering his testimony. We are satisfied there is sufficient evidence in the record when considered in its entirety, to raise an issue of appellant's intoxication. The *Burget, Hurd* and *White* cases, *supra*, cited by appellant in support of this contention to the contrary, are distinguishable on the facts from the instant case.

The court did not err in denying appellant's motion. An examination of the entire record discloses substantial evidence, if believed, to justify a finding of appellant's contributory negligence, thereby supporting the jury's verdict in this case.

Finding no error prejudicial to the appellant, the trial court is affirmed.

MALLERY, HILL, FINLEY, and FOSTER, JJ., concur.